**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST.
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899

KELLI L. SAGER (State Bar No. 120162)
  kellisager@dwt.com
KAREN A. HENRY (State Bar No. 229707)
  karenhenry@dwt.com
DIANA PALACIOS (State Bar No. 290923)
  dianapalacios@dwt.com

Attorneys for Defendant
T3MEDIA, INC. d/b/a PAYA.COM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| PATRICK MALONEY, on behalf of himself and all others similarly situated, TIM JUDGE, on behalf of himself and all others similarly situated<br><br>        Plaintiffs,<br><br>    vs.<br><br>T3MEDIA, INC. d/b/a PAYA.COM, a Colorado corporation,<br><br>        Defendants. | Case No. **14-CV-05048-AB (VBKx)**<br>Assigned to the Hon. André Birotte Jr.<br><br>**ANSWER OF DEFENDANT T3MEDIA, INC. D/B/A PAYA.COM TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Action Filed: June 27, 2014 |

Defendant T3Media, Inc. d/b/a Paya.com ("T3Media"), answering for itself and no others, in response to the unverified First Amended Class Action Complaint ("FAC") filed by plaintiffs Patrick Maloney and Tim Judge, admits, denies, and alleges as follows:

1.      Paragraph 1 contains argument and/or legal conclusions to which no response is required.[1]  To the extent a response is required, T3Media alleges that the NCAA rules speak for themselves and are the best evidence of their content. T3Media denies Plaintiffs' allegations to the extent they misrepresent the contents of the NCAA rules.  T3Media further denies any allegations in Paragraph 1 that its agreement with the NCAA violates or has violated any NCAA student-athletes' statutory and/or common-law right of publicity; denies that it commercially exploited any NCAA student-athletes' name, likeness, or image; denies that it used any NCAA student-athletes' name, likeness, or image without consent; and denies that it violated any NCAA student-athletes' statutory and/or common-law right of publicity.

2.      Paragraph 2 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies the allegations in Paragraph 2 to the extent they purport to imply that T3Media's agreement with the NCAA violates or has violated any NCAA student-athletes' statutory and/or common-law right of publicity; denies that it commercially exploited any NCAA student-athletes' name, likeness, or image; denies that it used any NCAA student-athletes' name, likeness, or image without consent; denies that it violated any

_____

[1] The argumentative nature of the FAC is evidenced by the inclusion of a Table of Contents at page (i), as if this pleading were a legal brief.  Although it should be apparent that this page does not contain any factual allegations to which a response is required, to the extent that any of the headings contained here and in the pages that follow are deemed to contain factual allegations, T3Media incorporates its response to the factual allegations contained in the allegations, and expressly denies that it has engaged in any conduct giving rise to any cognizable claim by Plaintiffs, or either of them, or for which Plaintiffs, or either of them, are entitled to damages in any amount.

ANSWER
DWT 24921752v6 0101261-000001

NCAA student-athletes' statutory and/or common-law right of publicity; and denies that it is subject to monetary, statutory, and/or injunctive relief.

3.      Paragraph 3 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media admits that Plaintiffs assert claims in their FAC that purport to arise from the purported sale, advertisement, and use for promotional purposes of student-athlete images on the Internet.  T3Media further admits that it operated paya.com.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 3.

4.      Paragraph 4 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media admits that it entered into an agreement with the NCAA to license photographs from the NCAA Photo Library,[2] on a non-exclusive basis, for limited purposes, including on paya.com.  T3Media further admits that the NCAA granted T3Media permission to use NCAA trademarks in connection with the licensing and distribution of photographs from the NCAA Photo Library.  T3Media alleges that the NCAA rules speak for themselves and are the best evidence of their content, and denies Plaintiffs' allegations to the extent they misrepresent the content of the NCAA rules.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 4.

5.      Paragraph 5 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media admits that Plaintiffs purport to assert claims on behalf of a proposed class that includes current and former NCAA student-athletes.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 5, and expressly denies any suggestion that the claims alleged in the FAC are suitable for a class action.

---

[2] As used in this Answer, "NCAA Photo Library" refers to photographs for which the copyright is owned and controlled by the NCAA, including those photographs for which the copyright was originally owned by Rich Clarkson to which the NCAA later acquired copyrights.

2

6.      Answering Paragraph 6, T3Media admits that Patrick Maloney is one of the named plaintiffs in this action and is an individual.  T3Media is without knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 6, and, on that basis, denies each and every remaining allegation in this paragraph.

7.      Answering Paragraph 7, T3Media admits that Tim Judge is one of the plaintiffs in this action and is an individual.  T3Media is without knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 7, and on that basis, denies each and every remaining allegation in this paragraph.

8.      Answering Paragraph 8, T3Media admits the allegations in this paragraph.

9.      Paragraph 9 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media admits that it entered into an agreement with the NCAA to license photographs from the NCAA Photo Library, on a non-exclusive basis, for limited purposes.  Except as set forth above, T3Media denies each and every remaining allegation in this paragraph.

10.     Paragraph 10 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media alleges that the purported advertisements and websites referenced in Paragraph 10 speak for themselves and are the best evidence of their content, and denies Plaintiffs' allegations to the extent they misrepresent the content of such advertisements and websites.

11.     Paragraph 11 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies that the claims in this lawsuit are suitable for class action treatment, and further denies that the recoverable damages for any colorable claim exceed $5,000,000.  T3Media lacks information or knowledge sufficient to form a belief as to the citizenship of the

ANSWER
DWT 24921752v6 0101261-000001

named Plaintiffs or the putative class members, and on that basis denies the remaining allegations in this paragraph.

12.     Paragraph 12 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media lacks information or knowledge sufficient to form a belief as to the residence of Tim Judge, and on that basis denies the allegations in Paragraph 12 about his citizenship. T3Media admits that Plaintiffs purport to submit to the Court's jurisdiction. T3Media denies each and every remaining allegation in Paragraph 12.

13.     Paragraph 13 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media admits that it does business in the State of California, and that it used to have a sales office in Los Angeles.  T3Media further admits that it leases a facility in Burbank, California, used primarily for scanning old films for certain motion picture studios.  T3Media further admits that it does business in this District; that it operated a website called paya.com, which among other things, displayed licensable photographs from the NCAA Photo Library, including photographs of Plaintiffs and other current and former student-athletes who voluntarily participated in NCAA events; and that paya.com was previously visible to and accessible by California residents.   Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 13.

14.     Paragraph 14 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media admits that it is a corporation, and that it does business in this District.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 14.

15.     Answering Paragraph 15, T3Media admits that it has an agreement with the NCAA to license photographs from the NCAA Photo Library, on a non-exclusive basis, for limited purposes.  T3Media further admits that the NCAA Photo Library includes thousands of photographs of NCAA events in which current and former

4

student-athletes voluntarily participated.  T3Media alleges that the NCAA rules speak for themselves and are the best evidence of their content, and denies Plaintiffs' allegations to the extent they misrepresent the content of the NCAA rules.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 15.

16.     Answering Paragraph 16, T3Media admits that it formerly operated under the name "Thought Equity Motion Inc.," and that it changed its name to T3Media in 2012.  T3Media alleges that the referenced announcement speaks for itself and is the best evidence of its content, and denies Plaintiffs' allegations to the extent they misrepresent the content of that announcement.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 16.

17.     Paragraph 17 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media alleges that the referenced statement speaks for itself and is the best evidence of its content, and denies Plaintiffs' allegations to the extent they misrepresent the content of that statement.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 17.

18.     Paragraph 18 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media alleges that the referenced announcement and website speak for themselves and are the best evidence of their content, and denies Plaintiffs' allegations to the extent they misrepresent the content of the announcement and/or website.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 18.

19.     Answering Paragraph 19, T3Media alleges that the referenced article and website speak for themselves and are the best evidence of their content, and denies Plaintiffs' allegations to the extent they misrepresent the content of the article and/or website.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 19.

5

20.     Answering Paragraph 20, T3Media alleges that the referenced article speaks for itself and is the best evidence of its content, and denies Plaintiffs' allegations to the extent they misrepresent the content of the article.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 20.

21.     Answering Paragraph 21, T3Media alleges that the referenced article speaks for itself and is the best evidence of its content, and denies Plaintiffs' allegations to the extent they misrepresent the content of the article.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 21.

22.     Answering Paragraph 22, T3Media is without knowledge and information sufficient to form a belief as to whether it is the NCAA's goal to restrict photographer access to NCAA sporting events or whether, during some unspecified period, the NCAA designated Clarkson Creative as the official championships photographer, and on that basis denies the allegations in Paragraph 22 on those subjects.   T3Media alleges that the NCAA rules speak for themselves and are the best evidence of their content, and denies Plaintiffs' allegations to the extent they misrepresent the content of the NCAA rules.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 22.

23.     Answering Paragraph 23, T3Media admits that it displayed photographs owned by the NCAA on paya.com, including photographs of NCAA student athletes from the NCAA Photo Library.  T3Media further admits that there may be photographs in its photo archive that were originally taken by entities other than the NCAA, Clarkson Creative LLC, or Rich Clarkson and Associates LLC.  T3Media presently lacks information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 23, and on that basis denies each and every remaining allegation in this paragraph.

24.     Answering Paragraph 24, T3Media alleges that the NCAA's rules and the NCAA's "standard photographer license" speak for themselves and are the best evidence of their respective content, and T3Media denies Plaintiffs' allegations to the

extent they misrepresent the content of the NCAA rules or its "standard photographer license."  T3Media lacks information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 24, and on that basis denies each and every remaining allegation in this paragraph.

25.     Answering Paragraph 25, T3Media admits that pursuant to its contract with the NCAA, it receives a portion of the licensing fees received from the licensing of photographs from the NCAA Photo Library through T3Media's websites. T3Media alleges that the documents identified in the FAC as the NCAA's "standard photographer license agreement" and the referenced "media reports" speak for themselves and are the best evidence of their content, and denies Plaintiffs' allegations to the extent they misrepresent the content of the license agreement and/or media reports.  T3Media lacks information or knowledge sufficient to form a belief as to the terms of the referenced "standard photographer license agreement," and on that basis denies the allegations in Paragraph 25 on that subject.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 25.

26.     Answering Paragraph 26, T3Media admits that, on August 8, 2014, a federal district judge issued and filed Findings of Fact and Conclusions of Law in the matter of O'Bannon v. National Collegiate Athletic Association, Case No. 09-3329-CW ("O'Bannon Decision").  T3Media alleges that the language in the O'Bannon Decision speaks for itself and is the best evidence of its content, and denies Plaintiffs' allegations to the extent they misrepresent the content of that decision. T3Media denies that the Decision or any findings or rulings contained in the Decision are binding on it, a non-party, and expressly reserves any objections it may have to the Decision or any findings or rulings contained in it.  T3Media does not acquiesce in the Decision or waive its right to litigate any issue decided in O'Bannon. Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 26.

27.     Paragraph 27 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media alleges that the language in the O'Bannon Decision speaks for itself and is the best evidence of its content, and denies Plaintiffs' allegations to the extent they misrepresent the content of that decision.  T3Media denies that the Decision or any findings or rulings contained in the Decision are binding on it, a non-party, and expressly reserves any objections it may have to the Decision or any findings or rulings contained in it. T3Media does not acquiesce in the Decision or waive its right to litigate any issue decided in O'Bannon.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 27.

28.     Paragraph 28 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media alleges that the language in the O'Bannon Decision speaks for itself and is the best evidence of its content, and denies Plaintiffs' allegations to the extent they misrepresent the content of that decision.  T3Media denies that the Decision or any findings or rulings contained in the Decision are binding on it, a non-party, and expressly reserves any objections it may have to the Decision or any findings or rulings contained in it. T3Media does not acquiesce in the Decision or waive its right to litigate any issue decided in O'Bannon.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 28.

29.     Paragraph 29 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media admits that it entered into an agreement with the NCAA to license photographs from the NCAA Photo Library, on a non-exclusive basis, for limited purposes, and further admits that the NCAA Photo Library consists of photographs of NCAA events in which current and former student-athletes voluntarily participated.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 29.

8

30.     Paragraph 30[3] contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media admits that it entered into an agreement with the NCAA to license photographs from the NCAA Photo Library, on a non-exclusive basis, for limited purposes, and further admits that the NCAA Photo Library consists of photographs of NCAA events in which current and former student-athletes voluntarily participated.  T3Media further admits that the photographs in the NCAA Photo Library were displayed on its website, www.paya.com.  T3Media lacks information or knowledge sufficient to form a belief concerning the rules governing NCAA student-athletes' eligibility, and on that basis, denies the allegations in Paragraph 30 on that subject.  Except as set forth above, T3Media denies any remaining allegations in Paragraph 30.

31.     Answering Paragraph 31, T3Media alleges that the referenced NCAA rules and contracts speak for themselves and are the best evidence of their content, and denies Plaintiffs' allegations to the extent they misrepresent the content of those rules and contracts.  T3Media admits that in some NCAA event photographs, some student-athletes are shown at NCAA events, and some may be identifiable by appearance, sport, team, year, event, and/or number.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 31.

32.     Paragraph 32 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media admits that neither Patrick Maloney nor Tim Judge expressly requested T3Media to license or promote the sale of student-athlete photographs.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 32.

---

[3] The heading preceding Paragraph 30 is not presented as containing any allegations to which a response is required.  To the extent that the heading is intended to include factual allegations that require a response, T3Media incorporates its prior responses, and expressly denies that it was required to obtain permission from student-athletes to display, license, or distribute the NCAA's photographs.

33.     Paragraph 33 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media admits that it offers certain rights-clearance services as part of its business.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 33.

34.     Paragraph 34 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies each and every allegation in Paragraph 34.

35.     Paragraph 35 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media alleges that it is not required to compensate Plaintiffs or any putative class member in connection with its copyright licensing, distribution, and/or display of photographs from the NCAA Photo Library, and for that reason, does not compensate Plaintiffs or putative class members for those services.  T3Media admits that it offers clearance services to customers interested in licensing NCAA Photo Library photographs for commercial purposes; that interested customers can separately engage T3Media's clearance department to secure agreements for commercial uses of photographs from the NCAA Photo Library; and that, if engaged to obtain such clearances, T3Media would secure a release from the individual athletes and/or schools for an agreed upon fee, and handle the payment to the individual and/or school.   Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 35.

36.     Answering Paragraph 36, T3Media admits that it entered into an agreement with the NCAA to license photographs from the NCAA Photo Library, on a non-exclusive basis, for limited purposes, and further admits that the NCAA Photo Library includes photographs of NCAA events in which current and former student-athletes voluntarily participated.  T3Media further admits that it displayed copies of some photographs from the NCAA Photo Library on its website paya.com to illustrate the content of the photo archive.  T3Media further admits that non-exclusive and non-transferable licenses to make certain limited uses of photographs

10

from the NCAA Photo Library were available on paya.com.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 36.

37.     Paragraph 37 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media admits that it has an agreement with the NCAA to license and distribute photographs from the NCAA Photo Library, on a non-exclusive basis, for limited purposes, and further admits that the NCAA Photo Library includes photographs of NCAA events in which current and former student-athletes voluntarily participated.  T3Media further admits that non-exclusive and non-transferable licenses to make certain limited uses of photographs from the NCAA Photo Library were available through T3Media's website paya.com.  T3Media further admits that it displayed copies of photographs from the NCAA Photo Library on its website paya.com, to illustrate the content of the catalogue.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 37.

38.     Paragraph 38 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media admits that it has displayed copies of photographs from the NCAA Photo Library on paya.com and T3media.com. Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 38.

39.     Paragraph 39 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media admits that it maintains a website with the name T3media.com.  T3Media alleges that the website speaks for itself and is the best evidence of its content, and denies Plaintiffs' allegations to the extent they misrepresent the content of the website.  T3Media further admits that information about T3Media appears on T3media.com, and that at a time prior to August 1, 2014, the T3media.com website included a reference to the types of photographs on the paya.com website.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 39.

40.     Answering Paragraph 40, T3Media admits that non-exclusive and non-transferable licenses to make certain limited uses of photographs from the NCAA Photo Library were available on paya.com, and that registered users of paya.com could use keywords to search for photographs in the NCAA Photo Library.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 40.

41.     Answering Paragraph 41, T3Media alleges that the NCAA's "standard photographer license agreement" speaks for itself and is the best evidence of its content, and denies Plaintiffs' allegations to the extent they misrepresent the content of the license agreement.  T3Media lacks information or knowledge sufficient to form a belief as to the origin of every photograph contained in the NCAA Photo Library or the relationship between the photographers and the NCAA, and on that basis, denies the allegations in Paragraph 41 on those subjects.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 41.

42.     Paragraph 42 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media admits that it entered into an agreement with the NCAA to license photographs from the NCAA Photo Library, on a non-exclusive basis, for limited purposes, and further admits that the NCAA Photo Library includes photographs of NCAA events in which current and former student-athletes voluntarily participated.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 42.

43.     Answering Paragraph 43, T3Media admits that it entered into an agreement with the NCAA to license photographs from the NCAA Photo Library, on a non-exclusive basis, for limited purposes, on its website paya.com.  T3Media further admits that the NCAA Photo Library includes photographs of NCAA events in which current and former student-athletes voluntarily participated.  T3Media alleges that the agreement speaks for itself and is the best evidence of its content, and denies Plaintiffs' allegations to the extent they misrepresent the content of the

agreement.  T3Media admits that, pursuant to their agreement, the NCAA provided access to copies of digital photographs included in the NCAA Photo Library, and T3Media agreed to provide certain royalties to the NCAA in connection with T3Media's licensing of the photographs in the NCAA Photo Library.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 43.

44.     Paragraph 44 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media admits that it entered into an agreement with the NCAA to license photographs from the NCAA Photo Library, on a non-exclusive basis, for limited purposes, and further admits that the NCAA Photo Library includes photographs of NCAA events in which current and former student-athletes voluntarily participated.  T3Media alleges that the agreement speaks for itself and is the best evidence of its content, and denies Plaintiffs' allegations to the extent they misrepresent the content of the agreement. T3Media further admits that it intended to be the exclusive distributor of the photographs in the NCAA Photo Library.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 44.

45.     Paragraph 45 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media admits that it entered into an agreement with the NCAA to license photographs from the NCAA Photo Library, on a non-exclusive basis, for limited purposes, and further admits that the NCAA Photo Library includes photographs of NCAA events in which current and former student-athletes voluntarily participated.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 45.

46.     Answering Paragraph 46, T3Media admits that the photographs in the NCAA Photo Library include 89 championships, across 23 sports, including the Final Four, Frozen Four, and College World Series.  T3Media further admits that it entered into an agreement with the NCAA to license photographs from the NCAA Photo Library, on a non-exclusive basis, for limited purposes, and further admits that the

NCAA Photo Library includes photographs of NCAA events in which current and former student-athletes voluntarily participated.  T3Media further admits that its website offers for license photographs owned by the NCAA.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 46.

47.    Paragraph 47 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media admits that it entered into an agreement with the NCAA to license photographs from the NCAA Photo Library, on a non-exclusive basis, for limited purposes, and further admits that the NCAA Photo Library includes photographs of NCAA events in which current and former student-athletes voluntarily participated.  T3Media admits that pursuant to its contract with the NCAA, it receives a portion of the licensing fees received from the licensing of photographs from the NCAA Photo Library through T3Media's websites.  T3Media alleges that the "standard license" referenced in Paragraph 47 speaks for itself and is the best evidence of its content, and denies Plaintiffs' allegations to the extent they misrepresent the content of the license agreement.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 47.

48.    Answering Paragraph 48, T3Media admits that its photo archive includes photographs of NCAA student-athletes, pursuant to its agreement with the NCAA concerning photographs owed by the NCAA, and that its archives are searchable.  T3Media also admits that its website, paya.com, included more than a single year, and that its content is updated on a regular basis.  T3Media further admits that some of the NCAA photographs depict student-athletes who are no longer playing for an NCAA member institution.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 48.

49.    Answering Paragraph 49, T3Media alleges that the referenced website speaks for itself and is the best evidence of its content, and denies Plaintiffs' allegations to the extent they misrepresent the content of the website.  T3Media

14

admits that the NCAA Photo Library regularly is updated.  T3Media is without information and belief to respond as to the specific number of photographs in the NCAA Photo Library on February 20 or April 16, 2014, and on that ground denies those allegations.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 49.

50.     Answering Paragraph 50, T3Media admits that in the past, registered users of paya.com could use keywords, including names of athletes, to search for photographs in the NCAA Photo Library.  T3Media alleges that the referenced descriptions speaks for themselves and are the best evidence of their content, and denies Plaintiffs' allegations to the extent they misrepresent the content of the referenced descriptions.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 50.

51.     Answering Paragraph 51, T3Media alleges that the referenced website and announcement speak for themselves and are the best evidence of their content, and denies Plaintiffs' allegations to the extent they misrepresent the content of the referenced website and announcement.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 51.

52.     Answering Paragraph 52, T3Media alleges that the referenced website speaks for itself and is the best evidence of its content, and denies Plaintiffs' allegations to the extent they misrepresent the content of the referenced website. Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 52.

53.     Paragraph 53 contains argument and/or legal conclusions to which no response is required.[4]  To the extent a response is required, T3Media denies each and every allegation in this paragraph.

_____

[4] See notes 1 & 2, supra, which are incorporated herein.

ANSWER
DWT 24921752v6 0101261-000001

54.    Answering Paragraph 54, T3Media alleges that the referenced website speaks for itself and is the best evidence of its content, and denies Plaintiffs' allegations to the extent they misrepresent the content of the referenced website. Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 54.

55.    Answering Paragraph 55, T3Media alleges that the referenced website speaks for itself and is the best evidence of its content, and denies Plaintiffs' allegations to the extent they misrepresent the content of the referenced website. Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 55.

56.    Answering Paragraph 56, T3Media alleges that the referenced website speaks for itself and is the best evidence of its content, and denies Plaintiffs' allegations to the extent they misrepresent the content of the referenced website. Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 56.

57.    Paragraph 57 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies each and every allegation in Paragraph 57.

58.    Paragraph 58 contains argument and/or legal conclusions to which no response is required.  T3Media alleges that the NCAA rules speak for themselves and are the best evidence of their content, and denies Plaintiffs' allegations to the extent they misrepresent the content of the NCAA rules.  To the extent a response is required, T3Media lacks information or knowledge sufficient to form a belief concerning the allegations in Paragraph 58 and therefore denies each and every remaining allegation.

59.    Paragraph 59 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media alleges that the NCAA rules speak for themselves and are the best evidence of their content, and

16

denies Plaintiffs' allegations to the extent they misrepresent the content of the NCAA rules.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 59.

60.     Paragraph 60 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies each and every allegation in Paragraph 60.

61.     Paragraph 61 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media alleges that the referenced websites speak for themselves and are the best evidence of their content, and denies Plaintiffs' allegations to the extent they misrepresent the content of the websites.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 61.

62.     Paragraph 62 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media alleges that the language in the O'Bannon Decision speaks for itself and is the best evidence of its content, and denies Plaintiffs' allegations to the extent they misrepresent the content of that decision.  T3Media denies that the Decision or any findings or rulings contained in the Decision are binding on it, a non-party, and expressly reserves any objections it may have to the Decision or any findings or rulings contained in it. T3Media does not acquiesce in the Decision or waive its right to litigate any issue decided in O'Bannon.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 62.

63.     Paragraph 63 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media alleges that the language in the O'Bannon Decision speaks for itself and is the best evidence of its content, and denies Plaintiffs' allegations to the extent they misrepresent the content of that decision.  T3Media denies that the Decision or any findings or rulings contained in the Decision are binding on it, a non-party, and expressly reserves any

17

objections it may have to the Decision or any findings or rulings contained in it. T3Media does not acquiesce in the Decision or waive its right to litigate any issue decided in <u>O'Bannon</u>.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 63.

64.     Paragraph 64 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media alleges that the language in the <u>O'Bannon</u> Decision speaks for itself and is the best evidence of its content, and denies Plaintiffs' allegations to the extent they misrepresent the content of that decision or misrepresent the nature of the license granted by the NCAA to T3Media for the license and distribution of the NCAA photographs.  T3Media denies that the Decision or any findings or rulings contained in the Decision are binding on it, a non-party, and expressly reserves any objections it may have to the Decision or any findings or rulings contained in it.  T3Media does not acquiesce in the Decision or waive its right to litigate any issue decided in <u>O'Bannon.</u>  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 64.

65.     Paragraph 65 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media alleges that the language in the <u>O'Bannon</u> Decision speaks for itself and is the best evidence of its content, and denies Plaintiffs' allegations to the extent they misrepresent the content of that decision or misrepresent the nature of the license granted by the NCAA to T3Media for the license and distribution of the NCAA photographs.  T3Media denies that the Decision or any findings or rulings contained in the Decision are binding on it, a non-party, and expressly reserves any objections it may have to the Decision or any findings or rulings contained in it.  T3Media does not acquiesce in the Decision or waive its right to litigate any issue decided in <u>O'Bannon</u>.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 65.

66.     Paragraph 66 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media alleges that the

18

referenced agreements and the NCAA rules speak for themselves and are the best evidence of their content, and denies Plaintiffs' allegations to the extent they misrepresent the content of those agreements and rules.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 66.

67.    Answering Paragraph 67, T3Media admits that the photographs in Figures I and II are included in the NCAA Photo Library, and were at one point displayed on paya.com.  T3Media alleges that the photographs in Figures I and II speak for themselves and are the best evidence of their content, and denies Plaintiffs' allegations to the extent they misrepresent the content of those photographs.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 67.

68.    Paragraph 68 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies each and every allegation in Paragraph 68.

69.    Paragraph 69 contains argument and/or legal conclusions to which no response is required.  Except as set forth above, T3Media denies each and every allegation in Paragraph 69.

70.    Paragraph 70 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media lacks information or knowledge sufficient to form a belief as to Plaintiffs' purported "experience," and on the basis, denies the allegations in Paragraph 70.  T3Media further expressly denies that Plaintiffs Maloney and Judge are "typical" of all current and former NCAA student-athletes.

71.    Answering Paragraph 71, T3Media lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 71, and on that basis denies the allegations in this paragraph.

72.    Answering Paragraph 72, T3Media admits that in 2001, Catholic University's Men's Basketball Team (of which Patrick Maloney and Tim Judge were

members) won the NCAA Division III National Basketball Championship, and Patrick Maloney was awarded the NCAA Most Outstanding Player title that same year.  T3Media is without knowledge or information sufficient to form a belief as to whether any team from Catholic University had received a national title prior to 2001, and on that basis, denies the allegations in Paragraph 72 on that subject.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 72.

73.     Answering Paragraph 73, T3Media admits that photographs of Plaintiffs Maloney and Judge are included in the NCAA Photo Library, and were displayed on T3Media's websites.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 73.

74.     Answering Paragraph 74, T3Media alleges that the photographs in Figures III and IV speak for themselves and are the best evidence of their content, and denies Plaintiffs' allegations to the extent they misrepresent the content of those photographs.  Except as set forth above, T3Media denies the remaining allegations in Paragraph 74.

75.     Answering Paragraph 75, T3Media denies each and every allegation in this paragraph.

76.     Answering Paragraph 76, T3Media lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 76, and on that basis, denies each and every allegation in this paragraph.

77.     Paragraph 77 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media lacks information or knowledge sufficient to form a belief as to the allegations concerning Andres Alonso, and on that basis, denies those allegations.  T3Media admits that it entered into an agreement with the NCAA to license photographs from the NCAA Photo Library, on a non-exclusive basis, for limited purposes, and further admits that the NCAA Photo Library includes photographs of NCAA events in which current

and former student-athletes, including Plaintiffs, voluntarily participated.  T3Media further admits that non-exclusive and non-transferable licenses to make certain limited uses of photographs from the NCAA Photo Library were available on its website, paya.com.  T3Media further alleges that it was not required to compensate Plaintiffs in connection with its licensing, distribution, and/or display of photographs from the NCAA Photo Library.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 77.

78.   Paragraph 78 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media admits that the NCAA Photo Library consists of photographs of NCAA events in which current and former student-athletes, including Plaintiffs, voluntarily participated.  T3Media further admits that photographs from the NCAA Photo Library are displayed in its photo archive.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 78.

79.   Paragraph 79 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies each and every allegation in this paragraph.

80.   Paragraph 80 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media lacks information or knowledge sufficient to respond as to what student-athletes would or would not do under some hypothetical situation, and on that basis, denies each and every allegation in Paragraph 80.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 80.

81.   Paragraph 81 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media lacks information or knowledge sufficient to form a belief as to subjective feelings of unspecified student-athletes' concerning the use of their names, images, and likenesses, and on that basis, denies each and every allegation in Paragraph 81.

21

82.     Paragraph 82 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media alleges that the NCAA rules speak for themselves and are the best evidence of their content, and denies Plaintiffs' allegations to the extent they misrepresent the content of those rules.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 82.

83.     Paragraph 83 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies each and every allegation in Paragraph 83.

84.     Paragraph 84 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media alleges that the language in the O'Bannon Decision speaks for itself and is the best evidence of its content, and denies Plaintiffs' allegations to the extent they misrepresent the content of that decision.  T3Media denies that the Decision or any findings or rulings contained in the Decision are binding on it, a non-party, and expressly reserves any objections it may have to the Decision or any findings or rulings contained in it. T3Media does not acquiesce in the Decision or waive its right to litigate any issue decided in O'Bannon.  T3Media denies each and every remaining allegation in Paragraph 84.

85.     Paragraph 85 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies each and every allegation in Paragraph 85.

86.     Paragraph 86 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media is without knowledge and information sufficient to respond to the ambiguous allegations contained in this paragraph, which do not identify any particular jurisdiction's law, or any particular individuals or entities to which it refers, and on that ground denies each and every allegation in Paragraph 86.

22

87.     Paragraph 87 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media alleges that the referenced study speaks for itself and is the best evidence of its content, and denies Plaintiffs' allegations to the extent they misrepresent the content of the study. T3Media denies each and every remaining allegation in Paragraph 87, and expressly denies that the allegations are applicable to the named plaintiffs, or to each of the unidentified class members, with respect to any conduct alleged as to T3Media.

88.     Paragraph 88 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies each and every allegation in Paragraph 88.

89.     Paragraph 89 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media admits that it used to have a sales office in Los Angeles.  Except as set forth above, T3Media denies each and every allegation in Paragraph 89.

90.     Paragraph 90 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media further admits that it leases a facility in Burbank, California, used primarily for scanning old films for certain motion picture studios.  T3Media denies that it presently uses this facility to reproduce photographs of Plaintiffs or unspecified putative class members, including photographs in the NCAA Photo Library.  T3Media lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 90, and on that basis denies each and every remaining allegation in this paragraph.

91.     Answering Paragraph 91, T3Media admits that it operated a website called paya.com, which among other things, displayed licensable photographs from the NCAA Photo Library.  T3Media further admits that paya.com was previously visible to California residents.  T3Media lacks information and knowledge sufficient to form a belief as to the identity of undisclosed class members, and on that basis,

23

denies those allegations.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 91.

92.    Paragraph 92 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media admits that it entered into an agreement with the NCAA to license photographs from the NCAA Photo Library, on a non-exclusive basis, for limited purposes, and further admits that the NCAA Photo Library includes photographs of NCAA events in which current and former student-athletes voluntarily participated.  T3Media further admits that some of the photographs in the NCAA Photo Library involved events in California.  T3Media further admits that non-exclusive and non-transferable licenses to make certain limited uses of photographs from the NCAA Photo Library were available on its websites.  T3Media lacks information or knowledge sufficient to form a belief as to the State in which Tim Judge or other unnamed athletes may reside.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 92.

93.    Paragraph 93 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies that it is subject to general jurisdiction in California.  Except as set forth above, T3Media denies each and every allegation in Paragraph 93.

94.    Answering Paragraph 94, T3Media admits that Plaintiffs purport to bring this lawsuit as a class action under Federal Rule of Civil Procedure 23 on behalf of themselves and the proposed class described in Paragraph 94.  T3Media denies this action meets class certification requirements.  Except as set forth above, T3Media denies each and every remaining allegation in Paragraph 94.

95.    Answering Paragraph 95, T3Media admits that Plaintiffs purport to exclude from the purported class the persons described in Paragraph 95.  T3Media denies this action meets class certification requirements.  Except as set forth above, T3Media denies each and every allegation in Paragraph 95.

24

96.     Paragraph 96 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies the allegations in Paragraph 96, and denies the action meets class certification requirements.

97.     Paragraph 97 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies the allegations in Paragraph 97, and denies the action meets class certification requirements.

98.     Paragraph 98 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies the allegations in Paragraph 98, and denies the action meets class certification requirements.

99.     Paragraph 99 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies the allegations in Paragraph 99, and denies the action meets class certification requirements.

100.   Paragraph 100 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies the allegations in Paragraph 100, and denies the action meets class certification requirements.

101.   Paragraph 101 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies the allegations in Paragraph 101, and denies the action meets class certification requirements.

102.   T3Media incorporates its responses to the allegations in the preceding paragraphs as if fully stated herein.

103.    Paragraph 103 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies each and every allegation in Paragraph 103.

104.    Paragraph 104 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies each and every allegation in Paragraph 104.

105.    Paragraph 105 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies each and every allegation in Paragraph 105.

106.    T3Media incorporates its responses to the allegations in the preceding paragraphs as if fully stated herein.

107.    Paragraph 107 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies each and every allegation in Paragraph 107.

108.    Paragraph 108 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies each and every allegation in Paragraph 108.

109.    T3Media incorporates its responses to the allegations in the preceding paragraphs as if fully set forth herein.

110.    Paragraph 110 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies each and every allegation in Paragraph 110.

111.    Paragraph 111 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies each and every allegation in Paragraph 111.

112.    Paragraph 112 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies each and every allegation in Paragraph 112.

113.   Paragraph 113 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies each and every allegation in Paragraph 113.

114.   Paragraph 114 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies each and every allegation in Paragraph 114.

115.   Paragraph 115 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies each and every allegation in Paragraph 115.

116.   Paragraph 116 contains argument and/or legal conclusions to which no response is required.  To the extent a response is required, T3Media denies each and every allegation in Paragraph 116.

## SEPARATE AND ADDITIONAL DEFENSES

T3Media alleges the following separate and additional defenses.  By alleging these separate and additional defenses, T3Media is not in any way agreeing or conceding that it bears the burden of proof or persuasion on any of these issues.  T3Media reserves the right to supplement, amend, or modify these separate and additional defenses, as appropriate, based on information obtained during the course of this litigation.

### FIRST SEPARATE AND ADDITIONAL DEFENSE

1.   The claims of Plaintiffs and/or others alleged to be members of the putative class are barred, in whole or in part, because the FAC fails to state facts sufficient to constitute a cause of action against T3Media.

### SECOND SEPARATE AND ADDITIONAL DEFENSE

2.   Plaintiffs and/or others alleged to be members of the putative class lack standing to assert claims stated in the FAC and to seek some or all of the relief requested.

27

## THIRD SEPARATE AND ADDITIONAL DEFENSE

3.     The claims of Plaintiffs and/or others alleged to be members of the putative class arise from T3Media's acts in furtherance of its free-speech rights in connection with a public issue or an issue of public interest, and thus fall within the scope of Code of Civil Procedure § 425.16.  Because Plaintiffs and/or others alleged to be members of the putative class cannot present competent and admissible evidence establishing a probability that they will prevail on their causes of action against T3Media, their causes of action must be stricken pursuant to § 425.16, and T3Media must be awarded its attorneys' fees and costs incurred in defending this action.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

4.     The claims of Plaintiffs and/or others alleged to be members of the putative class are barred, in whole or in part, by the First and Fourteenth Amendments to the United States Constitution, Article I, § 2(a) of the California Constitution, and similar constitutional provisions of any other applicable state laws.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

5.     The claims of Plaintiffs and/or others alleged to be members of the putative class are barred, in whole or in part, by the applicable statutes of limitations, including without limitation Code of Civil Procedure § 339, Business & Professions Code § 17208, and Civil Code § 3425.3, and similar provisions of any other applicable states' laws.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

6.     The claims of Plaintiffs and/or others alleged to be members of the putative class are barred, in whole or in part, because any use by T3Media of their names, images, or likenesses was made in connection with expressive works that relate to a matter of public interest.

ANSWER
DWT 24921752v6 0101261-000001

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

7.     The claims of Plaintiffs and/or others alleged to be members of the putative class are barred, in whole or in part, because any use by T3Media of their names, images, or likenesses was made in connection with expressive works that relate to "public affairs," "sports accounts," or "news," within the meaning of Civil Code § 3344(d), and similar provisions of any other applicable states' laws.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

8.     The claims of Plaintiffs and/or others alleged to be members of the putative class are barred, in whole or in part, because T3Media did not use their names, images, or likenesses for any commercial purpose.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

9.     The claims of Plaintiffs and/or others alleged to be members of the putative class are barred, in whole or in part, because the claims are preempted by the Copyright Act, 17 U.S.C. § 301(a), et seq.; and similar provisions of any other applicable states' laws.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

10.     The claims of Plaintiffs and/or others alleged to be members of the putative class are barred, in whole or in part, by the Communications Decency Act, 47 U.S.C. § 230, and similar provisions of any other applicable states' laws.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

11.     The claims of Plaintiffs and/or others alleged to be members of the putative class are barred, in whole or in part, because T3Media did not act with actual malice.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

12.     The claims of Plaintiffs and/or others alleged to be members of the putative class are barred, in whole or in part, because any use by T3Media of their names, images, or likenesses was transformative.

ANSWER
DWT 24921752v6 0101261-000001

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

13.    The claims of Plaintiffs and/or others alleged to be members of the putative class are barred, in whole or in part, because any use by T3Media of their names, images, or likenesses was incidental.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

14.    The injunctive relief sought in Plaintiffs' FAC is barred because the injury or damage allegedly suffered by Plaintiffs and the members of the alleged putative class, if any, would be adequately compensated in an action at law for damages, and therefore Plaintiffs and/or others alleged to be members of the putative class are not entitled to seek equitable relief.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

15.    The claims of Plaintiffs and/or others alleged to be members of the putative class are barred, in whole or in part, because they would be unjustly enriched if they were permitted to obtain any recovery in this action.

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

16.    The claims of Plaintiffs and/or others alleged to be members of the putative class are barred, in whole or in part, by the single-publication rule in Civil Code § 3425.3, and similar provisions of any other applicable states' laws.

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

17.    The Third Cause of Action for violation of Business & Professions Code §17200 is barred, in whole or in part, because T3Media's conduct about which Plaintiffs complain is not unfair, unlawful, or fraudulent.

## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

18.    The Third Cause of Action for violation of Business & Professions Code § 17200 is barred, in whole or in part, because Plaintiffs are not entitled to disgorgement of T3Media's profits or to injunctive relief.

30

**NINETEENTH SEPARATE AND ADDITIONAL DEFENSE**

19.     The Third Cause of Action for violation of Business & Professions Code § 17200 is barred, in whole or in part, because it is derivative of Plaintiffs' other claims and fails for the same reasons as those claims.

**TWENTIETH SEPARATE AND ADDITIONAL DEFENSE**

20.     The Third Cause of Action for violation of Business & Professions Code § 17200 is barred, in whole or in part, because that statute only applies to commercial speech.

**TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

21.     The claims of Plaintiffs and/or others alleged to be members of the putative class are barred, in whole or in part, because the damages allegedly suffered by Plaintiffs, if any, are vague, uncertain, and speculative.

**TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

22.     The claims of Plaintiffs and/or others alleged to be members of the putative class are barred, in whole or in part, because Plaintiffs cannot prove that they have suffered any compensable damage as a result of any allegedly actionable use of their names, images, or likenesses.

**TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE**

23.     The claims of Plaintiffs and/or others alleged to be members of the putative class are barred, in whole or in part, because the damages allegedly suffered by them, if any, were the result of the actions of third parties other than T3Media, and that legal fault reduces the percentage of responsibility, if any, which is to be borne by T3Media.

**TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE**

24.     The claims of Plaintiffs and/or others alleged to be members of the putative class are barred, in whole or in part, by the doctrines of consent, ratification, and/or acquiescence.

**TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE**

25.    The claims of Plaintiffs and/or others alleged to be members of the putative class are barred, in whole or in part, by the doctrine of waiver.

**TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE**

26.    The claims of Plaintiffs and/or others alleged to be members of the putative class are barred, in whole or in part, by the doctrine of estoppel.

**TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

27.    The claims of Plaintiffs and/or others alleged to be members of the putative class are barred, in whole or in part, by the doctrine of laches.

**TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

28.    The claims of Plaintiffs and/or others alleged to be members of the putative class fail because they did not take reasonable steps to mitigate their alleged damages, if any, and their recovery must be barred or diminished accordingly.

**TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE**

29.    In addition to the other reasons that no class can be certified in this case, the claims alleged in the FAC cannot be maintained as a class action because the laws of the 50 states and the District of Columbia apply to those claims, the laws vary by state, and no nationwide class can be established to apply the law of any single state to such claims.

**THIRTIETH SEPARATE AND ADDITIONAL DEFENSE**

30.    Plaintiffs' claim for punitive damages is barred, in whole or in part, because Plaintiffs have failed to state a cause of action upon which punitive damages can be awarded against T3Media.

**THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

31.    Plaintiffs' FAC, to the extent that it seeks punitive damages against T3Media, violates T3Media's right to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution and Article I, § 7 of the California Constitution and similar provisions of any other applicable states' laws

32

because, among other things, of the vagueness and uncertainty of the criteria for the imposition of punitive damages and the lack of fair notice of what conduct will result in the imposition of such damages.  Therefore, Plaintiffs cannot recover punitive damages against T3Media in this case.

### THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

32.    Plaintiffs' FAC, to the extent that it seeks punitive damages against T3Media, violates T3Media's right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution, Article I, § 7 of the California Constitution, and similar provisions of any other applicable states' laws because, among other things, there is no legitimate state interest in punishing T3Media's allegedly unlawful conduct at issue here, or in deterring its possible repetition.  Therefore, Plaintiffs cannot recover punitive damages against T3Media in this case.

### THIRTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

33.    Plaintiffs' FAC, to the extent that it seeks punitive damages against T3Media, violates T3Media's right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution, Article I, § 7 of the California Constitution, and similar provisions of any other applicable states' laws because, among other things, the alleged wrongful conduct at issue here is not sufficiently reprehensible to warrant any punitive damage recovery.  Therefore, Plaintiffs cannot recover punitive damages against T3Media in this case.

### THIRTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

34.    Plaintiffs' FAC, to the extent that it seeks punitive damages against T3Media, violates T3Media's right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution, Article I, § 7 of the California Constitution, and similar provisions of any other applicable states' laws because, among other things, any punitive damage award would be grossly out

of proportion to the alleged wrongful conduct at issue. Therefore, Plaintiffs cannot recover punitive damages against T3Media in this case.

### THIRTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

35. Plaintiffs' FAC, to the extent that it seeks punitive damages against T3Media, violates T3Media's right to protection from "excessive fines" under Article I, § 17 of the California Constitution, and it violates T3Media's right to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 7 of the California Constitution and similar provisions of any other applicable states' laws. To the extent that the FAC seeks punitive damages authorized under Civil Code § 3294 or any other California law, or similar provisions of any other applicable states' laws, no punitive damages may constitutionally be awarded because that statute is unconstitutional under the Fifth and Fourteenth Amendments to the United States Constitution, Article I, § 7 and Article IV, § 16 of the California Constitution and similar provisions of any other applicable states' laws because neither it, nor any other law of California, establishes the maximum punitive damages award which may be imposed in this case. Therefore, Plaintiffs cannot recover punitive damages against T3Media in this case.

### THIRTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

36. The imposition of punitive damages against T3Media would deny equal protection of the laws, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 7, Article IV, § 16 of the California Constitution, and similar provisions of any other applicable states' laws. Therefore, Plaintiffs cannot recover punitive damages against T3Media.

### THIRTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

37. Awarding Plaintiffs and/or others alleged to be members of the putative class the relief sought in the FAC would violate T3Media's and many of the putative class members' rights to due process of law under the United States Constitution. See, e.g., Phillips Petroleum Co. v. Shutts, 472 U.S. 797 (1985).

ANSWER
DWT 24921752v6 0101261-000001

## THIRTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

38.     Plaintiffs' putative class action claims are barred, in whole or in part, because Plaintiffs cannot satisfy the requirements of class action under Federal Rule of Civil Procedure 23, including without limitation because individual issues predominate, because Plaintiffs are not typical of the purported class as a whole, because Plaintiffs are not adequate class representatives, and because a class action is not a superior method of adjudication in this action.

## THIRTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

39.     T3Media has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, separate defenses available to it.  T3Media reserves the right to assert additional separate defenses in the event discovery indicates that such defenses would be appropriate.

THEREFORE, T3Media prays for judgment as follows:

1.     That Plaintiffs and/or others alleged to be members of the putative class take nothing by this action;

2.     That judgment be entered in favor of T3Media and against Plaintiffs and others alleged to be members of the putative class;

3.     That class certification be denied;

4.     That T3Media recovers its costs and attorneys' fees in this action; and

5.     For such other relief as the Court deems just and proper.


DATED: October 3, 2014                    DAVIS WRIGHT TREMAINE LLP
                                          KELLI L. SAGER
                                          KAREN A. HENRY
                                          DIANA PALACIOS


                                          By: _/s/ Kelli L. Sager_____
                                                    Kelli L. Sager


                                          Attorneys for Defendant
                                          T3MEDIA, INC. d/b/a PAYA.COM

35