**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST.
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899

KELLI L. SAGER (State Bar No. 120162)
  kellisager@dwt.com
KAREN A. HENRY (State Bar No. 229707)
  karenhenry@dwt.com
DIANA PALACIOS (State Bar No. 290923)
  dianapalacios@dwt.com

Attorneys for Defendant
T3MEDIA, INC. d/b/a PAYA.COM

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| PATRICK MALONEY, on behalf of himself and all others similarly situated, TIM JUDGE, on behalf of himself and all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>T3MEDIA, INC. d/b/a PAYA.COM, a Colorado corporation,<br><br>Defendants. | Case No. **14-CV-05048-AB (VBKx)**<br>Assigned to the Hon. André Birotte Jr.<br><br>**DEFENDANT'S STIPULATED [PROPOSED] PROTECTIVE ORDER**<br><br>Action Filed: June 27, 2014 |

WHEREAS documents, things and information may be furnished or disclosed in this action which may contain or constitute confidential, proprietary or trade secret information under state or federal law; and

WHEREAS Patrick Maloney and Tim Judge ("Plaintiffs"), on the one hand, and defendant T3Media, Inc. d/b/a Paya.com ("T3Media"), on the other hand, agree that this Protective Order is needed to prevent the unnecessary disclosure or dissemination of confidential, proprietary or trade secret information;

IT IS HEREBY STIPULATED AND AGREED by and between the parties herein, through their undersigned counsel, as follows:

1. Except as otherwise expressly defined in this Order, the following definitions apply:

(a) **"Confidential"**. Information (regardless of how generated, stored, or maintained) or tangible things that a designating party believes in good faith to constitute trade secrets or confidential or competitively sensitive business, commercial, research, development or financial information under state or federal law. Confidential information or items generally include materials used by the designating party in or pertaining to its business, which matter is not generally known and which the designating party would not normally reveal to third parties or would cause third parties to maintain in confidence.

(b) **"AEO"**. Information (regardless of how generated, stored, or maintained) or tangible things that:

- qualify for designation as "Confidential";
- to which no personnel of the receiving party previously have had unrestricted access;
- that, if disclosed to persons other than those permitted under Paragraph 9, would cause injury to the competitive interests of the designating party; and

---

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
DWT 25141453v1 0101261-000001

1

- counsel in good faith believes that there is good cause under the law to restrict the receiving party from access to such documents, material or information.

2. Any documents, material, or information to be designated as "Confidential" or "AEO" shall be so designated by affixing the legend "CONFIDENTIAL" or "AEO" to each page containing any "Confidential" or "AEO" documents, material or information.

3. Affixing the legend "CONFIDENTIAL" or "AEO" on the cover of any multipage document which is bound, stapled, or otherwise securely attached shall designate all pages of the document as "Confidential" or "AEO," unless otherwise indicated by the producing party. Nothing in this provision shall alter the designating party's obligation to make reasonable efforts to designate every page of a multi-page document as "Confidential" or "AEO."

(a) A party or third party may designate information disclosed during a deposition or in response to written discovery as "Confidential" or "AEO" by so indicating in the responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party or third party may designate in writing, within ten (10) business days after receipt of discovery responses or of a deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "Confidential" or "AEO." The parties will treat the deposition transcripts and any corresponding exhibits as "AEO" during this 10-day period. Any other party may object to such proposal, in writing or on the record. If an objection is made, the parties shall follow the procedures described in Paragraph 13 below. After any designation is made according to the procedure set forth in this Paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in Paragraph 13 below.

(b) A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential." After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order, and before producing the specified documents, the producing party must affix the "Confidential" or "AEO" legend at the top or bottom of each page that contains protected material. If only a portion of a document or portions of the material on a page qualifies for protection, the designating party must clearly identify the protected portion(s).

(c) For information produced in some form other than documentary, and for any other tangible items, a designating party must affix the legend "Confidential" or "AEO" in a prominent place on the exterior of the container or containers in which the information or item is stored or in some other reasonable fashion depending on the form of the material. If that matter is stored or recorded electronically (including information databases, images, or programs stored on computers, discs, networks or backup tapes) and a legend cannot be affixed upon it, the designating party may designate such material as "Confidential" or "AEO" by cover letter identifying the protected material. If only portions of the information or item warrant protection, the designating party, to the extent practicable, shall designate the protected portions only.

4. The inadvertent production by any of the undersigned parties of any "Confidential" or "AEO" document, material or information during discovery in this Action without an appropriate designation, or any other inadvertent production by such party of any document, material or information in discovery in this Action, shall be without prejudice to any claim that such material is "Confidential" or "AEO" or is

privileged in any respect or protected from discovery as work product or as trial preparation material, and such party shall not be held to have waived any rights by such inadvertent production. In the event that such production occurs, counsel for the producing party shall redesignate the appropriate level of confidentiality, which shall thereafter apply to such document, material or information subject to the terms of this Stipulation and Protective Order, but the receiving party shall have no liability for any disclosures made prior to such designation. Counsel for the producing party will also re-produce the documents with the appropriate confidentiality designation. In the event that any document that obviously appears to be subject to a claim of privilege or that obviously appears to be protected from discovery as work product or as trial preparation material is inadvertently produced and where it is reasonably apparent that the materials were provided or made available through inadvertence, the party that inadvertently received the document shall return the document together with all copies of the document to counsel for the producing party promptly after it receives a written notice from counsel for the producing party that the document was produced inadvertently.

   5. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to treatment as confidential under applicable state or federal law. The parties' treatment of designated documents or information in conformity with the indicated designation shall not be an admission or agreement by any party that the designated information, in fact or in law, constitutes or contains any proprietary and/or confidential information of any other party. The designation of documents as confidential shall not affect any party's burden of proof imposed by relevant substantive law.

   6. All documents and information produced or exchanged in the course of this case shall be used by the party or parties to whom the information is produced

solely for the purpose of this case. This restriction does not apply to documents and/or information that are publicly available.

7. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, information designated as "Confidential" shall not be disclosed to any person other than the following person(s):

(a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel;

(b) employees of such counsel deemed necessary by counsel for the prosecution or defense of this litigation;

(c) Plaintiffs, Defendant, and any officer or employee of Defendant, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

(d) consultants or expert witnesses retained for the prosecution or defense of this litigation, including without limitation non-technical jury or trial consulting services retained by counsel for a party, and graphics or design services retained by counsel for a party for the purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, provided that each such person or service shall execute a copy of the Certification attached to this Order before being shown or given any information designated "Confidential." Copies of all Certifications shall be retained by counsel for the party so disclosing the information designated "Confidential" and made available for inspection by opposing counsel during the pendency or after the termination of the action, upon order of the Court for good cause shown;

(e) any authors or original recipients, if any, of the information designated "Confidential";

   (f) any professional vendors for services such as copying, scanning, or electronic document processing to whom disclosure is reasonably necessary for this litigation;

   (g) the Court, Court personnel, court reporters and videographers (whether in court or at a deposition);

   (h) Any mediator or arbitrator that the parties engage in this matter or the Court appoints; and

   (i) witnesses. A witness shall sign the Certification before being shown a document designated as "Confidential." Information designated "Confidential" may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the information is represented or has been given notice that information produced by the party may be used. Witnesses affiliated with a party to this action and nonparty witnesses appearing for deposition pursuant to a subpoena shall be notified of and given a copy of this Stipulation and Order and shall be bound by its terms. At the request of any party, the portion of the deposition transcript involving such information shall be designated "Confidential" pursuant to Paragraph 2 above. Witnesses shown information designated "Confidential" shall not be allowed to retain copies.

  8. Any persons receiving information designated "Confidential" shall not reveal or discuss such information with any person who is not entitled to receive such information, except as set forth in this Stipulation And Protective Order.

  9. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, information designated as "AEO" shall not be disclosed to any person other than the following person(s):

   (a) counsel of record for the respective parties to this litigation, including in-house counsel, and employees of counsel deemed necessary for the legal defense of this action;

    (b) independent consultants or expert witnesses, which persons may not be a former or current officer or employee of a party, who are retained for the prosecution or defense of this litigation, including without limitation non-technical jury or trial consulting services retained by counsel for a party, and graphics or design services retained by counsel for a party for the purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, provided that each such person or service shall execute a copy of the Certification attached to this Order before being shown or given any information designated "AEO." Copies of all Certifications shall be retained by counsel for the party so disclosing information designated "AEO" and made available for inspection by opposing counsel during the pendency or after the termination of the action, upon order of the Court for good cause shown;

    (c) the Court, Court personnel, court reporters and videographers (whether in court or at a deposition);

    (d) any mediator or arbitrator that the parties engage in this matter or the Court appoints;

    (e) any authors or original recipients, if any, of the information designated "AEO"; and

    (f) any professional vendors for services such as copying, scanning, or electronic document processing to whom disclosure is reasonably necessary for this litigation.

   10. Any persons receiving information designated "AEO" shall not reveal or discuss such information with any person who is not entitled to receive such information, except as set forth in this Stipulation And Protective Order.

   11. If any party desires to submit information designated "Confidential" or "AEO" to the Court for any purpose, that party will comply with Central District of California Local Rule 79-5. The parties acknowledge that this Stipulated Protective Order creates no entitlement to file "Confidential" or "AEO" information under seal;

the parties shall follow the applicable rules when seeking permission from the Court to file material under seal.

12. Any party may voluntarily disclose to others without restriction any information designated by that party as "Confidential" or "AEO," although a document shall lose its confidential status if it is made public.

13. If a party contends that any specific document or information is not entitled to confidential treatment, such party may at any time give written notice to the party who designated the document or information as "Confidential" or "AEO." The parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be so resolved, the party challenging the designation may apply to the Court for an order determining that the material is not properly designated as "Confidential" or "AEO." The party who designated the material as "Confidential" or "AEO" shall have the burden of establishing that the document or information is entitled to protection. The material shall be treated as confidential in accordance with its designation while any motion or application concerning its confidential status is pending before the Court. A party shall not be obligated to challenge the propriety of any confidentiality designation at the time made, and failure to do so shall not preclude a later challenge to the designation or constitute an admission that such designation was proper.

14. Notwithstanding any challenge to the designation of information as "Confidential" or "AEO," all documents shall be treated as such and shall be subject to the provisions of this Stipulation And Protective Order unless and until one of the following occurs:

(a) the party who has designated the information "Confidential" or "AEO" withdraws such designation in writing;

(b) the party who has designated the information "Confidential" or "AEO" fails to apply to the Court for an order determining whether the material is

properly designated as "Confidential" or "AEO" within the time limitations of paragraph 13; or

   (c) the Court rules the information should not be designated as "Confidential" or "AEO" under this Stipulation And Protective Order.

15. All provisions of this Order restricting the communication or use of information designated "Confidential" or "AEO" shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of information designated "Confidential" or "AEO" shall destroy such reasonably accessible documents and any materials quoting from such documents, and certify in writing no later than ninety (90) days after conclusion of this action that the destruction has been completed. Under no circumstances shall the parties be required to delete electronically stored information that is not reasonably accessible, such as materials stored in back-up servers.

16. Notwithstanding the foregoing provision, counsel are entitled to retain archival copies and are not required to return or destroy copies of all pleadings, motion papers, written discovery, transcripts, legal memoranda, correspondence, attorney-client communications or attorney work product, even if such materials contain information designated "Confidential" or "AEO", provided that such counsel take appropriate steps to prevent their disclosure in a manner contrary to this Stipulated Protective Order. Any such archival copies that contain or constitute "Confidential" or "AEO" material remain subject to this Stipulated Protective Order until a designating party agrees otherwise in writing or a court order otherwise directs.

17. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

18. Nothing in this Stipulation And Protective Order shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a

party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

19. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order.

20. Any party receiving a subpoena duces tecum or other lawful process or order of any court, administrative body, tribunal or other public authority requiring the production and disclosure of documents, or the disclosure of information designated by another party as confidential and subject to this Order, shall notify the designating party in writing of receipt of the process or order within five (5) business days of the receipt thereof, and shall not produce the information until the designating party has had reasonable time to object or take other appropriate steps to protect the information. The designating party shall bear the burdens and the expenses of seeking protection of its "Confidential" and "AEO" material to the extent permissible. Nothing in this Stipulated Protective Order is intended or should be construed as authorizing a party to disobey a subpoena, process, or order issued in another action.

21. Nothing in this Stipulated Protective Order shall preclude any party to the proceeding or their attorneys from (a) showing materials designated as "Confidential" or "AEO" to an individual who either prepared or reviewed the document prior to the filing of this action, or is shown by the document to have received the document; (b) disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files; (c) disclosing or using, in any manner or for any purpose, any information, documents, or things obtained from a source other than discovery, provided the party complies with any other restrictions placed on it when it received the document; (d) disclosing or using, in any manner or for any purpose, any information, document, or thing that is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the Receiving Party, generally available to the relevant

1. public through publication or otherwise, or is already rightfully in the possession of the receiving party at the time of production.

2. 22. This stipulation may be executed in counterparts, all of which taken together shall constitute one and the same instrument.

23. The parties and their counsel of record agree to be bound by all the confidentiality provisions set forth in this Stipulation once the Stipulation is fully executed by the parties, even if the Court does not enter this Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: October 24, 2014

HAGENS BERMAN SOBOL SHAPIRO LLP
ELAINE T. BYSZEWKI
ROBERT B. CAREY (Pro Hac Vice)
LEONARD W. ARAGON (Pro Hac Vice)
JOHN M. DESTEFANO (Pro Hac Vice)
STEVE W. BERMAN (Pro Hac Vice)

RENAUD COOK DRURY MESAROS, PA
WILLIAM S. SOWDERS

THE PAYNTER LAW FIRM PLLC
STUART MCKINLEY PAYNTER

By:_____
John M. DeStefano

Attorneys for Plaintiffs
PATRICK MALONEY,
TIM JUDGE, and the PROPOSED CLASS

DATED: October 24, 2014

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
KAREN A. HENRY
DIANA PALACIOS

By: ___/s/ Kelli L. Sager___
Kelli L. Sager

Attorneys for Defendant
T3MEDIA, INC. d/b/a PAYA.COM

**IT IS SO ORDERED.**

Dated: _October 30_, 2014  _____
Honorable Victor B. Kenton
United States ~~District~~ Judge

Note: ¶13 is consistent with MJ Segal's Standard Protective Order

# CERTIFICATION

I hereby certify my understanding that material designated as "Confidential" or "AEO" (collectively "Confidential Information") is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in the case entitled <u>Maloney, et al. v. T3Media, Inc. d/b/a Paya.com</u>, United States District Court for the Central District of California Case Number CV14-05048 AB (VBKx). I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than sixty (60) days after the conclusion of this action, I will return the Confidential Information – including copies, notes, or other transcriptions made from, quoting from, or otherwise incorporating any portion of that information – to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the Central District of California, for the purpose of enforcing the Protective Order.

DATED:_____

_____        _____
          Print Name                                    Signature