1
2
3

**D**AVIS **W**RIGHT **T**REMAINE LLP
865 S. FIGUEROA ST.
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899

4
5
6
7

KELLI L. SAGER (State Bar No. 120162)
    kellisager@dwt.com
KAREN A. HENRY (State Bar No. 229707)
    karenhenry@dwt.com
DIANA PALACIOS (State Bar No. 290923)
    dianapalacios@dwt.com

8
9

Attorneys for Defendant
T3MEDIA, INC. d/b/a PAYA.COM

10

11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

12

13

14
15

PATRICK MALONEY, on behalf of himself and all others similarly situated, TIM JUDGE, on behalf of himself and all others similarly situated

16
                        Plaintiffs,

17        vs.

18
T3MEDIA, INC. d/b/a PAYA.COM, a Colorado corporation,

19
                        Defendant.

20

21

22

23

Case No. **14-CV-05048-AB (VBKx)**

Assigned to the Hon. André Birotte Jr.

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO CONTINUE HEARING ON DEFENDANT'S SPECIAL MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

[Declaration of Karen A. Henry In Support Of Opposition To Plaintiffs' Ex Parte Application With Exhibits A-B Filed Concurrently]

Action Filed:  June 27, 2014

24
25
26
27
28

Opposition to Plaintiffs' Ex Parte Application
DWT 25237952v2 0101261-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1        Defendant T3Media, Inc. d/b/a Paya.com ("T3Media") respectfully submits
2 this Opposition to Plaintiffs' Motion To Continue Hearing On Defendant's Special
3 Motion To Strike Plaintiffs' First Amended Complaint And Accompanying
4 Application To Seal Exhibit B To The Declaration Of Ernest M. Weiser ("Ex Parte
5 Application") (Dkt # 49), which was filed one business day before the deadline for
6 Plaintiffs to oppose T3Media's Special Motion To Strike Plaintiffs' First Amended
7 Complaint ("SLAPP Motion" or "Motion").

8        As defense counsel explained to Plaintiffs' counsel, the language of
9 California's SLAPP statute expressly requires the moving party to notice the motion
10 for a hearing "not more than 30 days after the service of the motion unless the docket
11 conditions of the court require a later hearing."  C.C.P. § 425.16(f).  Although a
12 hearing can be scheduled for a later date if  required by the Court's docket, see, e.g.,
13 Schwartz v. At The Cove Mgmt. Corp., , 2013 WL 1103479, at *1 (S.D. Cal. Mar.
14 14, 2013), the statute does not expressly allow the moving party to unilaterally select
15 a later date.  Moreover, although T3Media respectfully disagrees with this
16 interpretation, at least one federal judge in this district has held that even a stipulation
17 between the parties to have a later hearing date is prohibited by the statute, and can
18 result in the motion being denied.  See Declaration of Karen A. Henry, ("Henry
19 Decl.") ¶ 13 and Ex. B.[1]  As a result, T3Media could not risk prejudicing its Motion
20 by stipulating to a continuance of the hearing date.

21

22

---

23      [1] This decision was rendered before the Local Rules were changed to require a
28-day notice period for motions; however, even under the prior Local Rules, a
24 motion required at least 21 days' notice, unlike the 16-day period under the state civil
procedure code.  For this reason, and because the automatic discovery stay that
25 applies in state court actions does not apply in federal court, it does not make
practical sense to apply the 30-day hearing requirement either.  But in light of the
26 statutory language, and Judge Walter's interpretation of it, T3Media did not have the
option of agreeing to a later hearing date.  As T3Media's counsel explained to
27 Plaintiffs' counsel during the Rule 7-3 conference on the SLAPP Motion, however,
nothing in the statute precludes the Court from determining that its docket requires a
28 different hearing date than the date selected by the moving party.

---

Opposition to Plaintiffs' Ex Parte Application
DWT 25237952v2 0101261-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Despite its belief that it could not stipulate, T3Media would not be affirmatively opposing the Application if Plaintiffs' counsel merely sought a one-week continuance to file their opposition papers, or a similarly brief delay to determine whether they will seek discovery to respond to the Motion.  Henry Decl., ¶ 10.  Although T3Media does not see any need for discovery – and, indeed, Plaintiffs' counsel still has not identified <u>anything</u> they would seek in discovery that is necessary resolve the issues raised in the SLAPP Motion (Henry Decl., ¶ 6)[2] – T3Media's counsel would not have bothered the Court with an opposing brief if the request had been made to move the hearing date to December 1, when all counsel will be available.  But Plaintiffs' counsel rejected that alternative.  <u>Id.</u>  ¶¶ 10-11.¶.

Instead, Plaintiffs overreach, asking the Court for **thirty-eight days** to oppose a motion that raises straightforward legal issues that they have briefed on multiple occasions, rather than the **seven** days provided by this Court's rules for every motion (including dispositive motions).  L.R. 7-9.  They also ask the Court to schedule the hearing date for December 22 – three days before Christmas – despite being told that the date would be inconvenient for T3Media and its counsel.[3]  Henry Decl. ¶ 9.  Because there is no justification for either request, and because their request is untimely and procedurally improper, the Application should be denied.

<u>First</u>, Plaintiffs' counsel has not provided a justification for seeking such a lengthy delay to respond to T3Media's SLAPP Motion.  They were given a detailed explanation of the legal issues raised in the Motion during the parties' Rule 7-3

---

[2] For SLAPP motions, as with summary judgment motions, Federal Rule of Civil Procedure 56(d) applies; consequently, Plaintiffs must demonstrate that any requested discovery is "essential" to opposing the motion.  <u>Metabolife Int'l, Inc. v. Wornick</u>, 264 F.3d 832, 846 (9th Cir. 2001).

[3] In contrast, although Plaintiffs point out that the current hearing date is three days before Thanksgiving, Plaintiffs' counsel did not suggest that a hearing on November 24 would interfere with their Thanksgiving holiday plans; to the contrary, counsel said that they were available that day, and also available on Monday, December 1 – the day after the long weekend.  Henry Decl. ¶ 7.  They preferred a later date simply to give them more time to prepare opposition papers.  <u>Id.</u>

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

conference on **October 16**, and professed to be quite familiar with all of the arguments, given their extensive experience in litigating similar claims.  Henry Decl., ¶ 3; see also Keller v. Electronic Arts Inc., United States Court of Appeals, Ninth Circuit, Case No. 10-15387 (Plaintiffs' counsel representing plaintiff class); Lightbourne v. Printroom Inc. et al., C.D. Cal, Case No. 8:13-cv-00876 (same). Moreover, they already have a copy of the only document they have identified to date that they indicated they would seek in discovery.[4]  Whether the Local Rules should be modified to permit more time for oppositions to motions (and replies) is a debatable point, but nothing in the Application distinguishes the pending SLAPP Motion from any other motion that is filed in the Central District, let alone justifies a request for more than five times the length of time permitted for opposing papers.[5]

To justify a request for ex parte relief, Plaintiffs must demonstrate that they will suffer irreparable prejudice, and that they are without fault in creating the need for emergency relief.  See Mission Power Engineering Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).[6]  Merely having to oppose a properly

---

[4] The suggestion by Plaintiffs' counsel that the terms of the Agreement between the NCAA and T3Media (which was submitted for the uncontested point that T3Media has the right to license the NCAA's copyrighted works) somehow justifies a lengthy delay is surprising, since they obtained a copy of an earlier agreement in a separate lawsuit.  See Henry Decl. ¶ 4.  T3Media's other exhibits are similarly irrefutable:  consist of pages from the websites that the FAC references, news articles about Plaintiffs' national championship, and photographs – some of which were attached to the FAC.

[5] Plaintiffs assert that "T3Media identifies no extraordinary reason to shorten the briefing schedule." Application at 4.  This is a false premise.  T3Media has followed the schedule set forth by the Local Rules; it is **Plaintiffs** who seek to alter the schedule, and have the burden of justifying their request.  Plaintiffs also suggest that more time is necessary because T3Media's Motion is 25 pages – as allowed by the Rules – and cites cases (which is hardly extraordinary).  Neither the number of pages nor the number of cases cited provide a basis for Plaintiffs' Application.

[6] Plaintiffs' Application contains no reference at all to the legal standard for obtaining ex parte relief.  See Larin Corp. v. Alltrade, Inc., 2010 U.S. Dist. LEXIS 120537, at *2 (C.D. Cal. Oct. 28, 2010) (denying ex parte application where moving parties "completely bypassed any mention of the standard they are required to meet") (original emphasis).

---

3

Opposition to Plaintiffs' Ex Parte Application
DWT 25237952v2 0101261-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

noticed motion within the timeframe provided by the Rules does not constitute "irreparable prejudice." See Thomas Weisel Partners LLC v. BNP Paribas, 2009 U.S. Dist. LEXIS 592, at *8 n.2 (N.D. Cal. Jan. 7, 2009) (rejecting application where moving party "merely cited the requirement to meet their discovery obligations as the 'irreparable prejudice' meriting ex parte treatment"); see also Irving v. Cnty. of Sacramento, 231 F. App'x 584, 586 (9th Cir. 2007) (district court did not abuse its discretion by holding plaintiffs to the standard time for filing an opposition to a summary judgment motion in the Eastern District of California).

Second, Plaintiffs' decision to reject a more reasonable one-week extension, which would not have been opposed, and their decision to wait until the last court day before their deadline to file an ex parte Application, both undermine the notion that there is any legitimate "emergency" warranting relief.  See Thomas Weisel Partners LL, 2009 U.S. Dist. Lexis 592, at *8 n.2 (considering moving party's delay in denying ex parte application).  Any prejudice to Plaintiffs from the denial of their Application results from their own choices, and not from an actual "emergency."

Third, Plaintiffs' Application fails to meet the procedural requirements of this Court.[7]  This Court's rules require the party submitting an ex parte application to advise the Court "whether opposing counsel will be filing an opposition"; the rules also state that "the moving party shall serve the opposing party by e-mail, facsimile transmission or personal service and shall notify the opposing party that opposition papers must be filed no later than 24 hours (or one court day) following such service."  Court's Procedures ¶ 7.  Because Plaintiffs failed to meet any of these requirements (Henry Decl. ¶ 12), that independently justifies denial of the Application.  See Capital Bank PLC v. M/Y Birgitta,  2010 WL 2132473, at *2 (C.D.

---

[7] Although styled as a "Motion," the continuance request does not comply with the 28-day hearing requirement for "motions" (L.R. 6-1), and should be deemed an ex parte application.

Opposition to Plaintiffs' Ex Parte Application
DWT 25237952v2 0101261-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Cal. May 24, 2010) (denying <u>ex parte</u> application for failure to comply with the Local Rules).

Finally, if this Court elects to continue the hearing on the SLAPP Motion, T3Media requests that the Court continue the hearing only until December 1, when all counsel are available. A one-week continuance provides Plaintiffs with ample time to review the Motion and prepare their opposition papers, without unduly prejudicing T3Media. <u>See</u>, <u>e.g.</u>, <u>Metabolife</u>, 264 F.3d at 839 (SLAPP statute is designed to "allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation"); <u>see also</u> <u>Elrod v. Burns</u>, 427 U.S. 347, 373 (1976) (the loss of First Amendment freedoms "for even minimal periods of time, unquestionably constitutes irreparable injury."). If, however, this Court believes that the legal issues are so complex that Plaintiffs should be given several weeks more than the Local Rules provide to respond to the moving papers, fairness would dictate that T3Media be given two weeks for its reply papers, when it will be faced with responding to arguments from Plaintiffs that it anticipates will be just as detailed as the arguments raised in the Motion.

DATED: November 3, 2014

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
KAREN A. HENRY
DIANA PALACIOS

By: _____ */ s / Kelli L. Sager* _____
　　　　　Kelli L. Sager

Attorneys for Defendant
T3MEDIA, INC. d/b/a PAYA.COM

Opposition to Plaintiffs' <u>Ex</u> <u>Parte</u> Application
DWT 25237952v2 0101261-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899