1  Elaine T. Byszewski (SBN 222304)
   elaine@hbsslaw.com
2  HAGENS BERMAN SOBOL SHAPIRO LLP
3  301 North Lake Avenue, Suite 203
   Pasadena, CA  91101
4  Telephone: (213) 330-7150
   Facsimile: (213) 330-7152
5
6  Robert B. Carey (*Pro Hac Vice*)
   rob@hbsslaw.com
7  Leonard W. Aragon (*Pro Hac Vice*)
   leonard@hbsslaw.com
8  John M. DeStefano (*Pro Hac Vice*)
   johnd@hbsslaw.com
9  HAGENS BERMAN SOBOL SHAPIRO LLP
10 11 West Jefferson Street, Suite 1000
   Phoenix, AZ  85003
11 Telephone: (602) 840-5900
   Facsimile: (602) 840-3012
12
13 *[Additional Counsel Listed on Signature Page]*

14 *Attorneys for Plaintiffs and the Proposed Class*

15
16                    UNITED STATES DISTRICT COURT
                      CENTRAL DISTRICT OF CALIFORNIA
17                            WESTERN DIVISION

| | |
|---|---|
| 18  PATRICK MALONEY, on behalf of himself and all others similarly situated, TIM JUDGE, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>T3MEDIA, INC. D/B/A PAYA.COM, a Colorado corporation,<br><br>Defendant. | No. 2:14-cv-05048-AB-VBK<br><br>**PLAINTIFFS' EX PARTE APPLICATION TO CONTINUE HEARING ON DEFENDANT'S SPECIAL MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT** |

010430-11 729061 V1

Plaintiffs request ex parte relief continuing the November 24, 2014 hearing on Defendant's Special Motion to Strike Plaintiffs' First Amended Complaint (Dkt. No. 36) until December 22, 2014.  Plaintiffs also request a corresponding extension of the November 3, 2014 deadline to respond to T3Media's Motion to Strike up to and including December 1, 2014.

This is Plaintiffs' first requested extension.  The Motion to Strike was filed on October 24, 2014 and set for hearing on November 25, 2014.  Without a continuance, Plaintiff will have had only six working days to respond to the 25-page motion.  This short extension will not prejudice any party and will permit Plaintiff to fully respond to T3Media's arguments.

## MEMORANDUM OF POINTS AND AUTHORITIES

On November 3, 2014, in accordance with Local Rule 7-19 and 7-19.1, Plaintiffs provided notice to Defendant T3Media's counsel Karen Henry, Kelli Sager, and Diana Palacios at Davis Wright Tremaine, 865 S Figueroa Street, Suite 2400, Los Angeles, CA 90017, via email (at karenhenry@dwt.com, kellisager@dwt.com, and DianaPalacios@dwt.com) and telephone (at 213.633.6800) of their intent to file an Ex Parte Application seeking a request for a continuance of the hearing date.  T3Media will not agree to a hearing date later than December 1, 2014 and intends to oppose this request.[1]  (Decl. of John M. DeStefano ¶¶ 3-7 & Ex. A.)

Good cause exists for the continuance.  In the limited time available, Plaintiffs diligently assessed T3Media's arguments and evidence in support of

---

[1] Plaintiffs' counsel also conferred with T3Media's counsel regarding the requested continuance by phone on October 16, 2014, by email exchange on October 29-30, 2014, and by phone and email on October 31, 2014.  During the October 16, 2014 telephone conferral, Plaintiffs' counsel requested a later hearing date but counsel for T3Media stated their belief that California Code of Civil Procedure § 425.16(f) required them to select a hearing date within 30 days of filing the Motion to Strike.  Plaintiffs stated their intention to seek a later hearing date upon the filing of the Motion to Strike.

its Special Motion to Strike.  The motion runs to 25 pages and cites over 100 different court decisions, an 11-page declaration, and 140 pages of exhibits.  T3Media also relies upon a lengthy contract central to the dispute, dated three months after Plaintiffs served their Complaint and two days before T3Media filed its Motion to Strike.  (Dkt. No. 36 at 19; Dkt. No. 36-1 (Weiser Decl. ¶ 5 Ex. B p. 1 (sealed exhibit))).  Plaintiffs had no knowledge of this sealed exhibit before the Motion to Strike was filed and could not examine it until its hand-delivery on Monday, October 27, 2014.  Plaintiffs require this short four-week extension to develop and present their factual and legal arguments in response.

In refusing to agree to the continuance, T3Media has argued that California Code of Civil Procedure § 425.16(f), governing SLAPP motions such as the Special Motion to Strike, "shall be scheduled by the clerk of the court for a hearing not more than 30 days after the service of the motion unless the docket conditions of the court require a later hearing."  This language does not prevent the Court from granting the requested extension.  It requires the clerk to "schedule" a hearing (which the clerk has done), but does not forbid the continuance of the hearing.  Moreover, the provision provides an express exception for "docket conditions of the Court."

More fundamentally, a state statute does not constrain this Court's power to manage the case in accordance with the federal rules.  *Erie R.R. v. Tomkins*, 304 U.S. 64 (1938).  While SLAPP motions may be brought in federal court, procedural aspects of the SLAPP statute do not apply to the extent they conflict with federal rules or the twin purposes of *Erie*, to discourage forum shopping from one federal court to the next and avoid inequitable administration of the laws.  *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 845-47 (9th Cir. 2001).

Hence, where Plaintiffs have need of discovery solely in the possession of the defendant, the state law procedure is inconsistent with Rule 56(f) and does not apply. *Id.* Because T3Media's Motion relies upon extensive evidence beyond the pleadings, and because Plaintiffs have not determined—and do not agree—that further discovery is unnecessary, the 30-day requirement of the SLAPP statute is inconsistent with Rule 56 and does not apply. *See Schwartz v. At The Cove Mgmt. Corp.*, No. 12CV3077-GPC WVG, 2013 WL 1103479, at *1 (S.D. Cal. Mar. 14, 2013) ("[T]he discovery-limiting provisions of [the anti SLAPP statute] collide with the discovery-permitting provisions of Rule 56, and therefore are not available in federal court unless either (1) the factual basis of the case has been developed through discovery ... to the extent a motion for summary judgment would be appropriate; (2) the parties agree that further discovery is not necessary; or (3) the only issue presented by the motion is an issue of law and the motion is suitable for decision as a motion to dismiss pursuant to Rule 12(b)(6)."(alterations original)).

The SLAPP statute also recognizes that the Court has the power to manage its own docket. *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 982 n.3 (C.D. Cal. 1999) (holding that the 30-day requirement "effects no substantive change from the usual procedures pursuant to the Federal Rules" because a hearing need not be held if "the court's docket requires a later hearing" and "the local rules that apply in any given district should be considered 'docket conditions' that would justify a later hearing [on a SLAPP motion]"); *Schwartz v. At The Cove Mgmt. Corp.*, No. 12CV3077-GPC WVG, 2013 WL 1103479, at *1 (S.D. Cal. Mar. 14, 2013) (refusing to hear SLAPP motion within 30 days "due to the state of the docket"). T3Media's chosen timeframe is unworkable for Plaintiffs and the Court, because it interferes with the full and fair presentation of a response. The Court remains at liberty

-3-
PLAINTIFFS' EX PARTE APPLICATION TO EXTEND HEARING DATE
010430-11 729061 V1

to continue the hearing, or at least extend the briefing schedule, and decide the motion in due course.  *See, e.g.*, Order Setting Briefing Sched. and Hearing Date on Def. Mot. to Dismiss and Special Mot. to Strike Pl. Compl., *Keller v. Electronic Arts Inc.*, No. CV-09-1967, dkt. No. 25 (N.D. Cal. July 14, 2009) (DeStefano Decl. Ex. B) (setting two-month hearing date on SLAPP Motion by agreement of the parties).

T3Media is wrong to suggest Plaintiffs' counsel's experience in right-of-publicity actions justifies a compressed briefing schedule on an intensive 25-page dispositive motion supported by voluminous evidence, including evidence created at the last minute. Nor will this four-week continuance prejudice T3Media.  Plaintiff served T3Media with the Complaint on July 3, 2014.  (Dkt. No. 14.)  T3Media asked to extend the deadline for responding to Plaintiffs' Amended Complaint until October 3, 2014, and Plaintiffs granted that courtesy.  (Dkt. No. 24, 27.)  T3Media waited an additional three weeks to file the Special Motion to Strike on October 24, 2014.  (Dkt. No. 36.)  T3Media identifies no extraordinary reason to shorten the briefing schedule, just an unspecified need "to have a resolution of these claims at the earliest possible time."  (DeStefano Decl. Ex. A.)

T3Media objects that Plaintiffs' proposed date falls three days before Christmas, but T3Media has set the current hearing date for three days before Thanksgiving and T3Media will not agree to a hearing date later than December 1, 2014.  The Court's powers under Rules 1, 16, 83, Fed. R. Civ. P., and its docketing needs, including the need for full and effective briefing on dispositive legal and factual issues, override the California SLAPP statute's calendaring guideline.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the November 24, 2014 hearing on Defendant's Special Motion to Strike Plaintiffs' First Amended Complaint (Dkt. No. 36) be continued for four weeks until December 22, 2014, with a corresponding extension of the deadline to respond to T3Media's Motion up to and including December 1, 2014.

DATED: November 3, 2014.   Respectfully Submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: __/s/ John M. DeStefano__

Robert B. Carey (Pro Hac Vice)
rob@hbsslaw.com
Leonard W. Aragon (Pro Hac Vice)
leonard@hbsslaw.com
John M. DeStefano (Pro Hac Vice)
johnd@hbsslaw.com
11 West Jefferson Street, Suite 1000
Phoenix, AZ  85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012

Elaine T. Byszewski (SBN 222304)
elaine@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 203
Pasadena, CA  91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152

William S. Sowders (SBN 221687)
wsowders@rcdmlaw.com
RENAUD COOK DRURY MESAROS, PA
One North Central, Suite 900
Phoenix, Arizona 85004
Telephone: (602) 307-9900
Facsimile: (602) 307-5853

*Attorneys for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5, I, John M. DeStefano, hereby certify that on October 31, 2014, a true and correct copy of the foregoing *Plaintiffs' Ex Parte Application to Extend Hearing Date on Defendant's Special Motion to Strike Plaintiffs' First Amended Complaint* was filed electronically with the Clerk of Court at my direction using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ John M. DeStefano