1  Elaine T. Byszewski (SBN 222304)
   elaine@hbsslaw.com
2  HAGENS BERMAN SOBOL SHAPIRO LLP
3  301 North Lake Avenue, Suite 203
   Pasadena, CA 91101
4  Telephone: (213) 330-7150
   Facsimile: (213) 330-7152
5
6  Robert B. Carey (*Pro Hac Vice*)
   rob@hbsslaw.com
7  Leonard W. Aragon (*Pro Hac Vice*)
   leonard@hbsslaw.com
8  John M. DeStefano (*Pro Hac Vice*)
   johnd@hbsslaw.com
9  HAGENS BERMAN SOBOL SHAPIRO LLP
10 11 West Jefferson Street, Suite 1000
   Phoenix, AZ 85003
11 Telephone: (602) 840-5900
   Facsimile: (602) 840-3012
12
13 *[Additional Counsel Listed on Signature Page]*
14 *Attorneys for Plaintiffs and the Proposed Class*

15

16                      UNITED STATES DISTRICT COURT
                       CENTRAL DISTRICT OF CALIFORNIA
17                            WESTERN DIVISION

| | |
|---|---|
| 18  PATRICK MALONEY, on behalf of himself and all others similarly situated, TIM JUDGE, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>T3MEDIA, INC. D/B/A PAYA.COM, a Colorado corporation,<br><br>Defendant. | No. 2:14-cv-05048-AB-VBK<br><br>**DECLARATION OF JOHN M. DESTEFANO IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S SPECIAL MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Hearing Date: December 1, 2014<br>Time: 10:00 a.m.<br>Courtroom: 790 |

010430-11 730875 V1

I, John M. DeStefano, declare as follows:

1. I am an associate at the Phoenix office of Hagens Berman Sobol Shapiro LLP. I submit this Declaration in Support of Plaintiffs' Opposition to Defendant's Special Motion to Strike Plaintiffs' First Amended Complaint. Unless otherwise stated, I have personal knowledge of the information set forth in this Declaration.

2. Attached as Exhibit A to this declaration is a true and correct copy of excerpts from the 2000-2001 NCAA Division III Manual, as obtained by Plaintiffs' counsel from the website www.ncaapublications.com on November 10, 2014.

3. Attached as Exhibit B to this declaration is a true and correct copy of excerpts from the 2013-2014 NCAA Division I manual, as obtained by Plaintiffs' counsel from the website www.ncaapublications.com on November 10, 2014.

4. Attached as Exhibit C to this declaration is a true and correct copy of excerpts from the NCAA's February 16, 2011 Responses to Antitrust Plaintiffs' First Set of Interrogatories to Defendant NCAA in the case *In re NCAA Student-Athlete Name & Likeness Litig.*, No. 09-CV-1967 (N.D. Cal.), as served upon Plaintiffs' counsel in that litigation.

5. Attached as Exhibit D to this declaration is a true and correct copy of the September 8, 2014 Civil Minutes – General in the case *Lightbourne v. Printroom Inc.*, No. SACV-13-876, Dkt. No. 107 (C.D. Cal.).

6. Attached as Exhibit E to this declaration is a true and correct copy of a screen obtained from the Paya.com website by Plaintiffs' counsel before T3Media discontinued its display and sale of the photographs on the site. The screen displays an image titled "140412_3132_final_minnesota_v_union.jpg" with no further caption appearing.

-1-
DECLARATION OF LEONARD W. ARAGON
010430-11 730875 V1

7. Attached as Exhibit F to this declaration is a true and correct copy of a screen obtained from the Paya.com website by Plaintiffs' counsel before T3Media discontinued its display and sale of the photographs on the site. The screen displays an image titled "_sch7014.jpg" and purports to show two student athletes celebrating after an NCAA sports event.

8. Attached as Exhibit G to this declaration is a true and correct copy of a screen obtained from the Paya.com website by Plaintiffs' counsel before T3Media discontinued its display and sale of the photographs on the site. The screen displays an image titled "2014 NCAA Men's Ice Hockey Frozen Four: Minnesota v Union" and its caption reads, "The Minnesota Gophers take on the Union College Dutchmen during the NCAA Division 1 Men's Ice Hockey Frozen Four Championship title game at the Wells Fargo Center on April 12, 2014 in Philadelphia, Pennsylvania." However, the photograph appears to depict a post-game celebration rather than a game in progress.

9. In the course of investigating this lawsuit, I personally examined portions of the NCAA photograph archive at www.Paya.com before T3Media discontinued public access. While some photographs were accompanied by short captions, the Paya.com website generally displayed photographs of student athletes for sale without narration, overarching story, theme, point of view, or historical perspective. The Paya.com website was organized as a repository that permitted consumers to search for photographs of NCAA student-athletes and to buy them.

10. During the October 16, 2014 conferral with counsel for T3Media regarding their intent to file a SLAPP motion, Plaintiffs' counsel explained their view that the NCAA Bylaws effected a waiver of First Amendment rights to sell photographs of student athletes. Plaintiffs' counsel further explained that settled California and Ninth Circuit law establishes that the Copyright

-2-
DECLARATION OF LEONARD W. ARAGON
010430-11 730875 V1

1  Act does not preempt right-of-publicity claims such as those Plaintiffs assert
2  here, and that very day Plaintiffs' counsel emailed to T3Media's counsel a
3  copy of the California Court of Appeal's decision in *Timed Out LLC v. Youabian*
4  *Inc.*, No. B242820, 2014 WL 4493474 (Cal. App. Sept. 12, 2014). Plaintiffs'
5  counsel further explained their position that the public affairs exemption of
6  Cal. Civ. Code § 3344 would not apply to the sale of photographs of student
7  athletes, and that these sales involved commercial speech for purposes of the
8  Unfair Competition Law.

      11. Discovery of additional information not currently available to Plaintiffs is necessary for Plaintiffs to make a full response to T3Media's Motion. Reserving all rights to pursue additional avenues of discovery, Plaintiffs have identified the following topics of discovery which prevent Plaintiffs from presenting "essential facts to justify [their] opposition" within the meaning of Rule 56(d), Fed. R. Civ. P.:

    a. **The NCAA Agreement:** T3Media appears to have executed this agreement *three days* before filing its Special Motion to strike and more than three months after Plaintiffs filed suit. The Agreement purports to be retroactive to January 2012. Plaintiffs have no information about the circumstances leading to the belated execution of the agreement; whether it is a sham agreement; whether other relevant agreements exist; whether previous agreements or drafts exist. The full extent of T3Media's agreements with the NCAA is effectively unknown. The nature of T3Media's agreements with the NCAA bear directly upon its First Amendment, public affairs, and UCL defenses.

    b. **NCAA Communications:** Plaintiffs require discovery into communications between T3Media, the NCAA, and NCAA member

-3-

DECLARATION OF LEONARD W. ARAGON
010430-11 730875 V1

institutions concerning student-athlete name and likeness rights. Such communications are likely to provide further evidence of the intent of T3Media, the NCAA, and NCAA member institutions regarding the non-editorial, commercial nature of the use and sale of student athlete names and likenesses by T3Media, bearing directly upon T3Media's First Amendment, public affairs, and UCL defenses.

c. **NCAA Rules**: Plaintiffs contend that NCAA prohibitions on the commercial use of student-athlete names and likenesses restrict the commercial use of those names and likenesses by T3Media. Plaintiffs contend that T3Media and the NCAA waived any First Amendment protection for their use of the names and likenesses and Plaintiffs therefore require discovery regarding the relevant NCAA rules at all times relevant to Plaintiffs' claims.

d. **Images On The Website:** To the extent T3Media's arguments turn on the character of the photograph database as a whole, Plaintiff requires additional discovery into the contents of the Paya.com website. For unknown reasons, T3Media has discontinued sales of photographs on the Paya.com website, and the photographs cannot be viewed on the public website at this time. While Plaintiff has preserved some images formerly displayed on the site for purposes of investigating and maintaining this lawsuit, Plaintiff has been unable to examine the photograph archive as a whole since before T3Media filed its Answer and Motion to Strike. Plaintiffs require discovery of the archive as a whole to make a complete response to the Motion to Strike because the character of the photo archive depends upon its contents, and Defendant's First Amendment,

-4-

public affairs, and UCL defenses depend upon the character of the archive.

   e. **Images Not On The Website:** Full understanding of T3Media's conduct requires discovery into the reasons for the exclusion of certain student-athletes from the Paya.com store and any communications and agreements between T3Media and athletes who were specifically excluded from the Paya.com store. Plaintiffs do not currently have access to this information, which bears directly on T3Media's First Amendment, public affairs, and UCL defenses.

   f. **Agreements with Student-Athletes:** To the extent that T3Media or the NCAA has compensated, negotiated or agreed with, or otherwise communicated with any student-athletes regarding the use of their names and likenesses on T3Media's websites, including without limitation Paya.com, Plaintiffs require discovery of communications and agreements between T3Media and those athletes. Such communications would tend to prove the commercial nature of the NCAA photo archive on Paya.com, bearing directly upon T3Media's First Amendment, public affairs, and UCL defenses.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 10th day of November, 2014 in Phoenix, Arizona.

*/s/ John M. DeStefano*
John M. DeStefano

DECLARATION OF LEONARD W. ARAGON
010430-11 730875 V1

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5, I, John M. DeStefano, hereby certify that on November 10, 2014, a true and correct copy of the foregoing *Declaration of John M. DeStefano in Support of Plaintiffs' Opposition to Defendant's Special Motion to Strike Plaintiffs' First Amended Complaint* was filed electronically with the Clerk of Court at my direction using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ John M. DeStefano