1
2
3

**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST.
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899

4
5
6
7

KELLI L. SAGER (State Bar No. 120162)
    kellisager@dwt.com
KAREN A. HENRY (State Bar No. 229707)
    karenhenry@dwt.com
DIANA PALACIOS (State Bar No. 290923)
    dianapalacios@dwt.com

8
9

Attorneys for Defendant
T3MEDIA, INC. d/b/a PAYA.COM

10

UNITED STATES DISTRICT COURT

11

CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

12
13
14
15

PATRICK MALONEY, on behalf of
himself and all others similarly situated,
TIM JUDGE, on behalf of himself and all
others similarly situated,

16

                              Plaintiffs,

17

        vs.

18
19

T3MEDIA, INC. d/b/a PAYA.com, a
Colorado corporation,

20

                              Defendant.

21
22
23
24

| Case No. **14-CV-05048-AB (VBKx)** |
| Assigned to the Hon. André Birotte Jr. |
|  |
| **NOTICE OF MOTION AND MOTION OF DEFENDANT T3MEDIA, INC. TO RECOVER ATTORNEYS' FEES** |
|  |
| Hearing Date:    April 20, 2015 |
| Time:                  10:00 a.m. |
| Courtroom:        4 |
|  |
| [Declaration Of Kelli L. Sager, Declaration Of Jean-Paul Jassy, and Karen A. Henry With Exhibits A-E Filed Concurrently; [Proposed] Order Lodged Concurrently] |
|  |
| Action Filed: June 27, 2014 |

25
26
27
28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on April 20, 2015 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 4 of the above-entitled court, located at 312 N. Spring Street, Los Angeles, California 90012, defendant T3Media, Inc. d/b/a Paya.com ("T3Media") will and hereby does move this Court, pursuant to the mandatory fee-shifting provisions of California Code of Civil Procedure § 425.16(c) and California Civil Code § 3344(a), for an order compelling plaintiffs Patrick Maloney and Tim Judge ("Plaintiffs") to reimburse T3Media for the attorneys' fees and costs it incurred in defending this action, and in preparing this Fee Motion. To date, T3Media has incurred more than $165,680.50 in attorneys' fees in connection with its SLAPP Motion, and $14,890.50 in attorneys' fees and costs in connection with this Fee Motion, for a total of $180,571.00.[1]

This Motion is made on each of the following grounds:

<u>First</u>, T3Media is the "prevailing defendant" under Code of Civil Procedure § 425.16(c), which mandates that "a prevailing defendant on a special motion to strike <u>shall</u> be entitled to recover [its] attorneys' fees and costs." (Emphasis added.) On March 9, 2015, this Court entered an order granting T3Media's Special Motion to Strike ("SLAPP Motion") without leave to amend, and dismissing Plaintiffs' First Amended Class Action Complaint ("FAC") and each cause of action alleged in the FAC <u>with</u> prejudice. <u>See</u> Dkt. # 77 ("Order"). Accordingly, T3Media is entitled to recover the fees and costs incurred in defending against Plaintiffs' meritless lawsuit, as well as the fees and costs incurred in connection with this Fee Motion.

<u>Second</u>, Civil Code § 3344(a) independently mandates the award of attorneys' fees and costs to the prevailing party on a statutory misappropriation claim. Because T3Media was the prevailing party on this claim, which was dismissed with prejudice,

---

[1] T3Media will submit supplemental evidence along with its Reply that will include any additional fees incurred during the months of March and April 2015 in connection with this Fee Motion. <u>See</u> Henry Decl. ¶ 9.

MOTION FOR ATTORNEYS' FEES
DWT 26459776v3 0101261-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

it is entitled to recover all of the fees that it reasonably incurred in defending against this claim.  Thus, Section 3344(a) provides a separate basis for this Court to grant this Fee Motion and award to T3Media the attorneys' fees and costs it incurred in defending against Plaintiffs' lawsuit, and the fees and costs incurred in connection with this Fee Motion.

This Motion is based on the attached Memorandum Of Points And Authorities; on the concurrently-filed Declaration Of Kelli L. Sager, Declaration Of Jean-Paul Jassy, and Declaration Of Karen A. Henry With Exhibits A-E; on all pleadings, papers, records, and files in this case; on all matters of which this Court may take judicial notice; and on such other argument as may be presented at the hearing on this Motion.

T3Media, therefore, respectfully requests that the Court grant this Motion and award it attorneys' fees incurred to date in connection with the SLAPP Motion and the defense of Plaintiffs' statutory misappropriation claim in the amount of $165,680.50, and attorneys' fees incurred to date in connection with this Fee Motion in the amount of $14,890.50, for a total of $180,571.00, as well as any additional fees incurred in preparing any Reply papers and appearing at the hearing on this Motion. This Motion is made following a conference of counsel pursuant to Local Rule 7-3, which took place on March 17, 2015.  See Sager Decl. ¶¶ 2-3.

DATED: March 23, 2015

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
KAREN A. HENRY
DIANA PALACIOS

By: */s/ Kelli L. Sager*
              Kelli L. Sager

Attorneys for Defendant
T3MEDIA, INC. d/b/a PAYA.COM

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

Page

I.      SUMMARY OF ARGUMENT ...................................................................... 1

II.     T3MEDIA IS ENTITLED TO RECOVER ITS FEES AND COSTS. .......... 2

        A.      Fee Shifting Is Mandatory Under The SLAPP Statute. ...................... 2

        B.      Fee-Shifting Also Is Mandatory Under Civil Code Section
                3344(a). ............................................................................................... 4

III.    THE FEE AMOUNT REQUESTED BY T3MEDIA IS REASONABLE
        AND SHOULD BE AWARDED IN FULL. ................................................. 5

IV.     CONCLUSION ......................................................................................... 13

MOTION FOR ATTORNEYS' FEES
DWT 26459776v3 0101261-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page

**Federal Cases**

Adolph Coors Co. v. Truck Ins. Exch.,
   383 F. Supp. 2d 93 (D.D.C. 2005) .................................................. 11

Aldrin v. Topps Co.,
   2011 U.S. Dist. LEXIS 110800 (C.D. Cal. Sept. 27, 2011) ................................... 6

Blum v. Stenson,
   465 U.S. 886 (1984) .......................................................... 12

Critical Care Diagnostics, Inc. v. Am. Ass'n for Clinical Chemistry,
   Inc.,
   2014 U.S. Dist. LEXIS 84366 (S.D. Cal. June 19, 2014).................................... 13

Dalidio Family Trust v. San Luis Obispo Downtown Ass'n,
   2009 U.S. App. LEXIS 29530 (9th Cir. Nov. 16, 2009) ..................................... 12

eCash Techs., Inc. v. Guagliardo,
   210 F. Supp. 2d 1138 (C.D. Cal. 2000) ................................................ 3

Fein v. Kesterson,
   2010 U.S. Dist. LEXIS 128489 (C.D. Cal. Nov. 23, 2010)............................... 9,10

Graham-Sult v. Clainos,
   756 F.3d 724 (9th Cir. 2014) ...................................................... 13

Islamic Center of Mississippi v. City of Starkville,
   876 F.2d 465 (5th Cir. 1989) ...................................................... 11

Lewis v. Activision Blizzard, Inc.,
   2014 U.S. Dist. LEXIS 135889 (N.D. Cal. Sept. 25, 2014) ................................. 4

Love v. Assoc. Newspapers, Ltd.,
   611 F.3d 601 (9th Cir. 2010) ..................................................... 1,4

Love v. The Mail on Sunday,
   2007 U.S. Dist. LEXIS 97061 (C.D. Cal. Sept. 7, 2007),  ................................. 4

Manufactured Home Communities, Inc. v. County of San Diego,
   655 F.3d 1171 (9th Cir. 2011) ..................................................... 3

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Mathis v. Spears,
857 F. 2d 749 (Fed. Cir. 1988)...................................................................7

Metabolife International, Inc. v. Wornick,
213 F. Supp. 2d 1220 (S.D. Cal. 2002)...................................................13

Mordechai Orian v. Fed'n Int'l des Droits de L'Homme,
2012 U.S. Dist. LEXIS 39298 (C.D. Cal. March 12, 2012) ....................5,12

Nat'l Assoc. of Concerned Veterans v. Secretary of Def.,
675 F.2d 1319 (D.C. Cir. 1982) ..............................................................11

New.net, Inc. v. Lavasoft,
356 F. Supp. 2d 1090 (C.D. Cal. 2004) ....................................................3

Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc.,
776 F.2d 646 (7th Cir. 1985) .................................................................11

Page v. Something Weird Video,
960 F. Supp. 1438 (C.D. Cal. 1996) ..........................................................6

Ray Charles Found. v. Robinson,
919 F. Supp. 2d 1054 (C.D. Cal. 2013) .....................................................3

Shepard v. Miler,
2011 U.S. Dist. LEXIS 48369 (E.D. Cal. May 5, 2011) ...........................13

Sorenson v. Mink,
239 F.3d 1140 (9th Cir. 2001) ................................................................12

Thomas v. Fry's Electronics, Inc.,
400 F.3d 1206 (9th Cir. 2005) ..................................................................3

Tomazzoli v. Sheedy,
804 F. 2d 93 (7th Cir. 1986) ...................................................................11

United States ex rel. Newsham v. Lockheed Missiles & Space Co.,
190 F.3d 963 (9th Cir. 1999) ....................................................................3

Verizon Delaware v. Covad Comm'ns,
377 F.3d 1081 (9th Cir. 2004) ..................................................................1

Vess v. Ciba-Geigy Corp. USA,
317 F.3d 1097 (9th Cir. 2003) ..................................................................3

MOTION FOR ATTORNEYS' FEES
DWT 26459776v3 0101261-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Yeager v. Bowlin,
  2010 U.S. Dist. LEXIS 63399 (E.D. Cal. 2010) ...................................... 5

**State Cases**

Braun v. Chronicle Publ'g Co.,
  52 Cal. App. 4th 1036 (1997) ............................................................... 3

Church of Scientology v. Wollersheim,
  42 Cal. App. 4th 628 (1996) .................................................... 5,6,7,13

Equilon Enterprises v. Consumer Cause, Inc.,
  29 Cal. 4th 53 (2002) ........................................................................... 5

International Longshoremen's & Warehousemen's Union
  v. Los Angeles Export Terminal, Inc.,
  69 Cal. App. 4th 287 (1999) ................................................................ 8

Ketchum v. Moses,
  24 Cal. 4th 1122 (2001) ............................................................. *passim*

Kirby v. Sega of Am., Inc.,
  144 Cal. App. 4th 47 (2006) ............................................................ 4,5

Lunada Biomedical v. Nunez,
  230 Cal. App. 4th 459 (2014) .............................................................. 1

M.G. v. Time Warner, Inc.,
  89 Cal. App. 4th 623 (2001) ................................................................ 6

Macias v. Hartwell,
  55 Cal. App. 4th 669 (1997) .............................................................. 10

Nichols v. City of Taft,
  155 Cal. App. 4th 1233 (2007) ............................................................ 6

Peak-Las Positas Partners v. Bollag,
  172 Cal. App. 4th 101 (2009) .............................................................. 8

PLCM Group, Inc. v. Drexler,
  22 Cal. 4th 1084 (2000) ..................................................................... 10

Premier Medical Management Systems, Inc. v.
  California Insurance Guarantee Ass'n,
  163 Cal. App. 4th 550 (2008) ............................................................ 12

6

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Rosenaur v. Scherer,
    88 Cal. App. 4th 260 (2001) ......................................................... 10,13

Serrano v. Priest,
    20 Cal. 3d 25 (1977) ......................................................................... 6

Serrano v. Unruh,
    32 Cal. 3d 621 (1982) ..................................................................... 4,9

Vargas v. City of Salinas,
    200 Cal. App. 4th 1331 (2011) ..................................................... 12,13

**State Statutes**

California Civil Code
    § 1717(a) .......................................................................................... 10
    § 3344(a) ..................................................................................... 1,2,4,5

California Code of Civil Procedure § 425.16(c) ............................... *passim*

MOTION FOR ATTORNEYS' FEES
DWT 26459776v3 0101261-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    SUMMARY OF ARGUMENT

Under California's SLAPP statute, "a prevailing defendant on a special motion to strike <u>shall be entitled</u> to recover [its] attorneys' fees and costs."  Cal. Civ. Proc. Code § 425.16(c) (emphasis added).[2]  California's right-of-publicity statute similarly provides that "[t]he prevailing party in any action under this section <u>shall</u> also be entitled to attorney's fees and costs."  Cal. Civ. Code § 3344(a) (emphasis added).  Both of these fee-shifting provisions apply in federal court.  <u>See</u> <u>Verizon Delaware v. Covad Comm'ns</u>, 377 F.3d 1081, 1091 (9th Cir. 2004) ("defendants sued in federal courts can bring anti-SLAPP motions to strike state law claims and are <u>entitled</u> to attorneys' fees and costs when they prevail") (emphasis added); <u>Love v. Assoc. Newspapers, Ltd.</u>, 611 F.3d 601, 614 (9th Cir. 2010) ("section 3344 clearly mandates an award of attorney's fees").

Plaintiffs Patrick Maloney and Tim Judge filed a lawsuit against T3Media, Inc. d/b/a Paya.com ("T3Media"), arising from T3Media's display, reproduction and licensing of the NCAA Photo Library, a collection of photographs visually chronicling more than 70 years of NCAA sports history.  <u>See</u> Dkt. # 29 (First Amended Complaint ("FAC")).  Because a handful of the photographs in this expansive library depict Plaintiffs during the 2001 NCAA basketball championship, they sued T3Media for statutory and common-law misappropriation and unfair competition, contending that T3Media could not license the photographs without their consent.

---

[2] The fee-shifting provision set forth in Section 425.16(c) is intended to discourage SLAPP suits by requiring the plaintiff to pay the litigation costs created by its meritless lawsuit.  <u>See</u> <u>Ketchum v. Moses</u>, 24 Cal. 4th 1122, 1131 (2001); <u>Lunada Biomedical v. Nunez</u>, 230 Cal. App. 4th 459, 486 (2014).  Thus, the purpose of fee-shifting is subverted if a defendant is not fully compensated when its SLAPP motion is successful.

On October 24, 2014, T3Media filed a Special Motion to Strike each of Plaintiffs' claims ("SLAPP Motion").  See Dkt. # 36.  On March 6, 2015, this Court granted T3Media's SLAPP Motion in its entirety and without leave to amend, dismissing all of Plaintiffs' claims with prejudice.  See Dkt. # 77 (Minute Order Granting T3Media's SLAPP Motion) ("Order") at 12-13.  This Court found that Plaintiffs' claims directly targeted T3Media's constitutionally-protected activity of displaying, reproducing, and distributing expressive works about matters of public interest, and that Plaintiffs failed to meet their burden of demonstrating a probability of prevailing because each of their claims was preempted by the federal Copyright Act.  Order at 4-5.

By this Motion, T3Media asks this Court to order Plaintiffs to pay at least $180,571.00 for the attorneys' fees incurred so far in connection with the SLAPP Motion and this Fee Motion.  As set forth below, this fee request is easily within the range of awards affirmed by appellate courts, is supported by defense counsel's billing statements, is reasonable in light of Plaintiffs' litigation tactics and the important principles involved, and should be awarded in full.  See Section III, infra.

## II.    T3MEDIA IS ENTITLED TO RECOVER ITS FEES AND COSTS.

T3Media should be awarded fees and costs pursuant to the mandatory fee-shifting provisions of two independent statutes:  Cal. Civ. Proc. Code § 425.16(c), and Cal. Civ. Code § 3344(a).

### A.    Fee Shifting Is Mandatory Under The SLAPP Statute.

California Code of Civil Procedure § 425.16(c) provides that "a prevailing defendant on a special motion to strike shall be entitled to recover [its] attorneys' fees and costs."  In Ketchum, 24 Cal. 4th at 1131, the California Supreme Court emphasized that "[a]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees."  As mentioned above, the Court recognized that the SLAPP fee award is designed to discourage litigation arising in connection with the exercise of free speech rights, "by imposing the litigation costs on the party

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

seeking to 'chill the valid exercise of the constitutional right[] of freedom of speech[.]" Id. at 1139. "[T]he legislative aim in including the attorney fee provision was apparently to strengthen enforcement of certain constitutional rights, including freedom of speech … by placing the financial burden of defending against so-called SLAPP actions on the party abusing the judicial system." Id. at 1136. Notably, Section 425.16(c) requires a fee award even where the plaintiff is an individual and the prevailing defendant is a media entity. Braun v. Chronicle Publ'g Co., 52 Cal. App. 4th 1036, 1052-53 (1997).

The Ninth Circuit has held unequivocally that Section 425.16(c)'s mandatory fee-shifting provision applies in federal court. See, e.g., Thomas v. Fry's Electronics, Inc., 400 F.3d 1206, 1209 (9th Cir. 2005) ("California anti-SLAPP motions to strike and entitlement to fees and costs are available to litigants proceeding in federal court"), citing United States ex rel. Newsham v. Lockheed Missiles & Space Co., 190 F.3d 963, 971-973 (9th Cir. 1999)); Manufactured Home Communities, Inc. v. County of San Diego, 655 F.3d 1171, 1181 (9th Cir. 2011) (affirming award of attorneys' fees to prevailing defendants on SLAPP motion); Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1110 (9th Cir. 2003) (same).

Consistent with these authorities, federal district courts consistently have held that a party who prevails on a SLAPP motion is entitled to an award of fees under Section 425.16(c). See, e.g., Ray Charles Found. v. Robinson, 919 F. Supp. 2d 1054, 1067 (C.D. Cal. 2013) ("[b]ecause Defendants have prevailed on their anti-SLAPP motion, attorney's fees are mandatory and the Court awards them"); New.net, Inc. v. Lavasoft, 356 F. Supp. 2d 1090, 1115 (C.D. Cal. 2004) ("defendant who prevails on an anti-SLAPP motion to strike is entitled to recover his or her attorney fees"); eCash Techs., Inc. v. Guagliardo, 210 F. Supp. 2d 1138, 1183-84 (C.D. Cal. 2000) ("[t]he attorneys' fees provision of Section 425.16 also applies in federal court, and declares that an award of attorneys' fees to a moving party is mandatory if a special motion to strike is granted").

3

Here, the Court granted T3Media's SLAPP motion and dismissed the lawsuit in its entirety, with prejudice.  Order at 12-13.  Because T3Media unquestionably is the prevailing party, it is entitled to a mandatory fee award in connection with its SLAPP Motion, including the fees incurred in connection with this Fee Motion.  See Ketchum, 24 Cal. 4th at 1141(a prevailing defendant's award must include "the fees incurred in enforcing the right to mandatory fees under Code of Civil Procedure Section 425.16"); Serrano v. Unruh, 32 Cal. 3d 621, 639 (1982) (recoverable fees "include compensation for all hours reasonably spent, including those necessary to establish and defend the fee claims"); see also Cal. Civ. Proc. Code § 425.16(c).

**B.     Fee-Shifting Also Is Mandatory Under Civil Code § 3344(a).**

In addition to the fee-shifting provisions in the SLAPP statute, T3Media independently is entitled to recover its fees and costs under Section 3344(a) of the California Civil Code.  As the Ninth Circuit has held, "section 3344 clearly mandates an award of attorney's fees" to the prevailing party in any case arising under California's right-of-publicity statute.  Love, 611 F.3d at 614; see also Lewis v. Activision Blizzard, Inc., 2014 U.S. Dist. LEXIS 135889, *4-5 (N.D. Cal. Sept. 25, 2014) ("where a plaintiff brings a claim under section 3344 and, as here, that claim fails as a matter of law, the defendant has prevailed on that claim and is entitled to recover attorneys' fees").  "[S]ection 3344's directive that fees 'shall' be awarded to the prevailing party in a statutory appropriation action is clearly mandatory," and "leaves no room for ambiguity."  Kirby v. Sega of Am., Inc., 144 Cal. App. 4th 47, 62 (2006).

Moreover, where, as here, the defenses to the statutory misappropriation claim are "intertwined" with fees and costs incurred in defending against other claims, the prevailing defendant may recover fees incurred in defending against all of the claims. Love v. The Mail on Sunday, 2007 U.S. Dist. LEXIS 97061, *9-10, *35-38 (C.D. Cal. Sept. 7, 2007), aff'd 611 F.3d 601 (9th Cir. 2010) (awarding $518,859 in attorneys' fees after defendant successfully defeated plaintiff's statutory and

MOTION FOR ATTORNEYS' FEES
DWT 26459776v3 0101261-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

common-law right-of-publicity claims and related claims);  Kirby, 144 Cal. App. 4th at 62 n.7 (same; affirming award to prevailing defendants of $618,000 in attorneys' fees for trial-court work on right-of-publicity and related claims).

Plaintiffs' statutory and common-law misappropriation and unfair competition claims were intertwined.  Indeed, the Court's Order granting T3Media's SLAPP Motion struck all of Plaintiffs' claims on the same grounds, finding that the statutory and common-law misappropriation claims are preempted by federal copyright law, and that Plaintiffs' unfair competition claim was derivative of the misappropriation claims.  Order at 11-12.  Thus, as the prevailing party on Plaintiffs' statutory and common-law misappropriation claims and their related claim for unfair competition, T3Media is entitled to recover all fees incurred in defense of those claims, including for work on matters other than the SLAPP motion.

## III.   THE FEE AMOUNT REQUESTED BY T3MEDIA IS REASONABLE AND SHOULD BE AWARDED IN FULL.

Because Section 425.16(c) and Section 3344(a) require fee shifting, the only issue before the Court is the amount of the fee award.  See, e.g., Church of Scientology v. Wollersheim, 42 Cal. App. 4th 628, 658-659 (1996), disapproved on other grounds, Equilon Enterprises v. Consumer Cause, Inc., 29 Cal. 4th 53, 68 n.5 (2002); Yeager v. Bowlin, 2010 U.S. Dist. LEXIS 63399, *15-16 (E.D. Cal. 2010) (applying Section 3344(a)).

As the California Supreme Court has explained, the first step in calculating the amount to be awarded is deciding the "lodestar" figure, defined as "the reasonable hours spent, multiplied by the hourly prevailing rate for private attorneys in the community conducting noncontingent litigation of the same type."  Ketchum, 24 Cal. 4th at 1133.  See also Mordechai Orian v. Fed'n Int'l des Droits de L'Homme, 2012 U.S. Dist. LEXIS 39298, *4 (C.D. Cal. March 12, 2012) (a reasonable fee is determined by reference to the lodestar figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate); See also Page v.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Something Weird Video*, 960 F. Supp. 1438, 1447 (C.D. Cal. 1996) (same).  The lodestar figure may then be adjusted, based on consideration of factors specific to the case, to fix the fee at the fair market value for the legal services provided.  *See Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977).

Factors to consider in enhancing or reducing the lodestar include:  (1) the novelty and difficulty of the questions involved; (2) the skill displayed in presenting them; (3) the extent to which the nature of the litigation precluded other employment by the attorneys; and (4) the contingent nature of the fee award.  *See* Nichols v. City of Taft, 155 Cal. App. 4th 1233, 1240 (2007); *see also* Church of Scientology, 42 Cal. App. 4th at 659 (when deciding whether the attorneys' fees requested under Section 425.16 are "reasonable," this Court "may and should consider 'the nature of the litigation, its difficulty, the amount involved, the skill required and the skill employed in handling the litigation, the attention given, the success of the attorney's efforts, his learning, his age, and his experience in the particular type of work demanded …, the intricacies and importance of the litigation, the labor and necessity for skilled legal training and ability in trying the case, and the time consumed'" (ellipses in original; citations omitted)).  Applying these criteria, the requested fees are entirely reasonable, and should be awarded in full.

**First**, T3Media's SLAPP motion vindicated important First Amendment rights.  *See*, *e.g.*, Aldrin v. Topps Co., 2011 U.S. Dist. LEXIS 110800, *7-8 (C.D. Cal. Sept. 27, 2011) (use of a photograph on a trading card was an act in furtherance of free speech); M.G. v. Time Warner, Inc., 89 Cal. App. 4th 623, 629 (2001) (using a photograph to illustrate an article in a magazine and a television report was an act in furtherance of free speech).  The implications of Plaintiffs' claims, which arose from T3Media's non-commercial use of the photographs, were staggering, because they essentially sought a monopoly on any use of photographs depicting them during NCAA championship games.  Taken to its logical conclusion, Plaintiffs' theory, if accepted, would have dramatically expanded the scope of right of publicity law,

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

allowing <u>any</u> person who is identifiable in a photograph depicting matters of public importance to control (or prevent) the dissemination of that photograph.  Such an interpretation would make it impossible for even professional photographers to license works of public significance, if those works depict identifiable people – a result that would threaten the ability of the public to view and access iconic photographs that often define historical periods, like Joe Rosenthal's 1945 photograph of U.S. troops raising a flag in Iwo Jima during World War II, or Alfred Eisenstaedt's photograph of an American sailor kissing a woman in Times Square, or Shannon Hicks' photographs of police escorting children out of Sandy Hook Elementary School in the aftermath of the 2012 shooting.  T3Media's SLAPP Motion resulted in an Order from this Court appropriately limiting the scope of misappropriation claims and insuring sufficient breathing space for the exercise of First Amendment rights.  In furtherance of the SLAPP statute's goals, this Court should compel Plaintiffs to fully compensate T3Media for the cost of vindicating these important constitutional rights.  <u>Church of Scientology</u>, 42 Cal. App. 4th at 659.

<u>Second</u>, T3Media's SLAPP Motion was entirely successful; this Court granted the Motion without leave to amend, dismissing the entire lawsuit with prejudice.  In earlier rulings, this Court also denied Plaintiffs' <u>ex parte</u> applications to continue the hearing on the SLAPP Motion, and denied Plaintiffs' request to conduct discovery.  Courts have recognized that "[w]here, as here, a prevailing party has obtained excellent results, his attorney should recover a fully compensatory fee.  Normally, this will encompass <u>all hours reasonably expended in the litigation</u>[.]"  <u>Mathis v. Spears</u>, 857 F. 2d 749, 755 (Fed. Cir. 1988) (emphasis added).

<u>Third</u>, the amount of time that had to be expended in the defense of this lawsuit was increased significantly by Plaintiffs' own litigation tactics.  For example, after Plaintiffs filed and served their original complaint (Dkt. # 1), they filed a First Amended Complaint ("FAC") that contained over 100 paragraphs of broad

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

allegations, including a host of irrelevant legal conclusions to which T3Media was required to respond.  (Dkt. # 33.)  Plaintiffs also filed two ex parte applications seeking to continue the date of the hearing on the SLAPP Motion.  See Dkt. #49, Dkt. # 54.  These applications were unnecessary, because T3Media's counsel had offered to stipulate to a one-week continuance (the relief the court ultimately permitted).  See Dkt. # 51 at 2; Dkt. # 55 at 2.  Thus, Plaintiffs caused T3Media to expend resources to obtain from the Court the same relief T3Media had offered by stipulation.

T3Media also was forced to expend resources opposing Plaintiffs' unsuccessful request for discovery.  During the Rule 7-3 teleconference concerning T3Media's anticipated SLAPP Motion, T3Media's counsel explained each argument that would be included in the SLAPP Motion, and inquired whether Plaintiffs believed any discovery was necessary to respond to those arguments.  Henry Decl. ¶¶ 14-18.  The only document Plaintiffs' counsel identified in response to this inquiry was T3Media's agreement with the NCAA.  See Dkt # 51 at 2; Dkt. # 55 at 2 (T3Media's Opp. to Pls.' First and Second Applications).  T3Media provided a copy of this document with its SLAPP Motion.  Dkt. # 57; see also Henry Decl. ¶ 18. Nonetheless, Plaintiffs then requested leave to conduct discovery on several topics that their counsel never mentioned during the Rule 7-3 teleconference.  As a result, T3Media was required to expend resources evaluating, researching, and opposing Plaintiffs' request for discovery, which this Court ultimately denied.  Order 12 at n.10.

As courts have recognized, a party "'cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the [opposing party] in response.'"  Peak-Las Positas Partners v. Bollag, 172 Cal. App. 4th 101, 114 (2009) (quoting International Longshoremen's & Warehousemen's Union v. Los Angeles Export Terminal, Inc., 69 Cal. App. 4th 287, 304 (1999)); Serrano, 32 Cal. 3d at 634 n.18 (opposing party's litigation tactics help determine reasonableness of prevailing

party's hours).  Here, Plaintiffs' own litigation decisions increased the fees incurred by T3Media in defense of this lawsuit, further underscoring the reasonableness of T3Media's fee request.

Fourth, the issues addressed in the SLAPP motion were complex, requiring T3Media to address the application of the copyright preemption doctrine to right-of-publicity claims; to evaluate the breadth of the public-interest defense and public affairs doctrine in light of the Ninth Circuit's decision in Keller v. Electronic Arts; to analyze the scope of First Amendment protection available for expressive works beyond that provided by the California Supreme Court's transformative-use test; and to examine the contours of the commercial speech doctrine as it applies to claims for unfair competition.  Indeed, this Court's Minute Order, which resolved T3Media's SLAPP Motion on only one of the defenses raised, consists of more than twelve, single-spaced pages of reasoned analysis, highlighting the complexity of the issues presented in T3Media's SLAPP Motion.  For this additional reason, this Court should award to T3Media the full amount of attorneys' fees incurred in obtaining a dismissal of Plaintiffs' lawsuit.  See Fein v. Kesterson, 2010 U.S. Dist. LEXIS 128489, *6 (C.D. Cal. Nov. 23, 2010) (awarding entire requested fee amount, in part, because the case involved "complex constitutional and defamation issues and complex factual issues").

Fifth, this case was managed efficiently and economically.  Davis Wright Tremaine senior associate, now counsel, Karen Henry and second-year associate Diana Palacios prepared drafts of pleadings and other documents, including the Answer, Amended Answer, SLAPP Motion, sealing motions, declarations, reply brief, oppositions to ex parte applications, and this Fee Motion, among other things. See Declaration of Karen A. Henry ("Henry Decl.") at ¶ 6.  Davis Wright Tremaine partner Kelli L. Sager was lead counsel, and actively involved in formulating T3Media's litigation strategy, revising all of the pleadings and briefs, and in communications with T3Media and with opposing counsel.  Id.

9

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Each of these attorneys has experience in media and First Amendment litigation, including motions under Section 425.16, and billing rates that are below or within the market rates for attorneys of their experience and stature.  See Henry Decl. ¶ 4.  Moreover, because of a negotiated discount, T3Media received a substantial reduction from the standard billing rates for these attorneys, as reflected in the following chart:[3]

| Attorney | Year | T3Media Negotiated Discounted Rate | Standard Billing Rate |
|---|---|---|---|
| Kelli Sager | 2015 | $495 | $710 |
| | 2014 | $495 | $690 |
| Karen Henry | 2015 | $380 | $480 |
| | 2014 | $380 | $460 |
| Diana Palacios | 2015 | $270 | $335 |
| | 2014 | $270 | $325 |

Id.[4]

The rates described above are more than reasonable, in light of the respective attorneys' experience, skills and reputations.  Ms. Sager is a preeminent First

_____

[3] A prevailing defendant may recover its attorneys' fees under Section 425.16(c) where those fees have been paid by a third-party such as an insurer.  See Rosenaur v. Scherer, 88 Cal. App. 4th 260, 285 (2001); Macias v. Hartwell, 55 Cal. App. 4th 669, 675-76 (1997).

[4] T3Media is not seeking an award for time incurred by T3Media's in-house counsel, even though fees for time spent by in-house counsel are recoverable, and T3Media's in-house legal team played an integral role in the defense of this action. See, e.g., PLCM Group, Inc. v. Drexler, 22 Cal. 4th 1084, 1094 (2000) (in-house counsel fees are recoverable under Civil Code § 1717(a), even though entity had not paid those fees; "[w]e discern no basis for discriminating between counsel working for a corporation in-house and private counsel engaged with respect to a specific matter or retainer").  See also Henry Decl. ¶ 10.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Amendment attorney with nearly 30 years of litigation experience.  Henry Decl. ¶ 4.

She consistently has been named as one of "America's Leading Lawyers" in First

Amendment Litigation by Chambers USA, one of the "Best Lawyers in America" in

Media Law and First Amendment Law by Woodward/White, and one of the "Top

Lawyers," "Top Women Litigators," and "Top IP Lawyers" in the State by the Los

Angeles Daily Journal, among other accolades.  Id.  Ms. Henry has more than 11

years of litigation experience with Davis Wright Tremaine, focusing on First

Amendment and media cases, and has been named a Southern California Rising Star

in First Amendment and Media law.  Id.  Ms. Palacios clerked for the Eastern District

of California for two years, before joining Davis Wright Tremaine, where she has

focused primarily on media and intellectual property litigation.  Id.  Given the skills

and reputations of the T3Media's lawyers, as well as the substantial pre-negotiated

discount, their rates in this matter are entirely reasonable.[5]

This is particularly true, given the rates that have been found to be "market"

rates in other SLAPP lawsuits.[6]  For example, more than ten years ago, Los Angeles

_____

[5] Numerous courts have held that the actual rate charged by counsel to private clients is generally the best evidence of a reasonable hourly rate.  See, e.g., Adolph Coors Co. v. Truck Ins. Exch., 383 F. Supp. 2d 93, 97 (D.D.C. 2005) ("[a]n attorney's usual billing rate, when in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation, is presumptively reasonable") (internal quotation omitted); Nat'l Assoc. of Concerned Veterans v. Secretary of Def., 675 F.2d 1319, 1326 (D.C. Cir. 1982) ("the actual rate that applicant's counsel can command in the market is itself highly relevant proof of the prevailing community rate"); Tomazzoli v. Sheedy, 804 F. 2d 93, 98 (7th Cir. 1986) ("[f]or private counsel with fee-paying clients, the best evidence is the hourly rate customarily charged by counsel or by her law firm"); Islamic Center of Mississippi v. City of Starkville, 876 F.2d 465, 469 (5th Cir. 1989) (attorney's uncontested customary billing rate is prima facie reasonable); Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc., 776 F.2d 646, 660 (7th Cir. 1985) ("hourly rates used to compute the lodestar are typically the rates lawyers charge clients who pay on a regular basis").

[6] A reasonable hourly rate is one that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001).  Affidavits of the prevailing party's attorneys and other attorneys regarding the prevailing fees in the community and rate determinations in other cases are

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

County Superior Court Judge Allan J. Goodman found that the 2003 hourly attorney rates for defense counsel from the Los Angeles law firm of Irell & Manella were reasonable for researching, drafting, and arguing a successful SLAPP motion in an invasion of privacy lawsuit:  $575 for a senior partner, $425 for a partner, and $275 for an associate.  See Henry Decl. ¶ 12, Ex. C.  The Court also found that 417.60 hours and $154,518 in fees reasonably were spent by Irell lawyers researching and drafting a successful SLAPP motion and supplemental briefing, and attending several hearings.  Id.  See also Dalidio Family Trust v. San Luis Obispo Downtown Ass'n, 2009 U.S. App. LEXIS 29530, *4-5 (9th Cir. Nov. 16, 2009) (awarding rates of $595 to $615 per hour for partner and $470 to $505 per hour for senior associate in SLAPP case); Mordechai Orian, 2012 U.S. Dist. LEXIS 39298, *5-8 (granting fee motion in SLAPP case; finding hourly rates of $900, $625, $545, $425, $400 and $395 per hour to be reasonable rates for attorneys in Los Angeles working on SLAPP motion).  By comparison, the highest billing rate here is $495.  Henry Decl. ¶ 4.[7]

Other courts similarly have affirmed the reasonableness of fee requests similar to, or greater than, the amount requested here.  For example, in Premier Medical Management Systems, Inc. v. California Insurance Guarantee Ass'n, 163 Cal. App. 4th 550 (2008), the court affirmed fee awards totaling more than $275,000 in connection with a joint SLAPP motion on behalf of two defendants.  Id. at 553, 556.  In Vargas v. City of Salinas, 200 Cal. App. 4th 1331 (2011), the court affirmed an award of $226,928 in attorney fees and $2,495.84 in costs under the SLAPP statute.

---

satisfactory evidence of the prevailing market rate.  See Blum v. Stenson, 465 U.S. 886, 894 n. 11 (1984).

[7] Seven years ago, federal district Judge Dale Fischer found that a fee award of more than $90,000 for a successful SLAPP motion filed by Davis Wright Tremaine was reasonable, and awarded 100% of the fees requested.  See Henry Decl. ¶ 12, Ex. D.  Four years ago, in 2011, Los Angeles Superior Court Judge Zaven V. Sinanian awarded $163,187 in attorneys' fees and costs following a successful SLAPP motion in a case where DWT was defense counsel, finding that $400 and $465 were reasonable hourly rates.  Id. ¶ 12, Ex. E.

MOTION FOR ATTORNEYS' FEES
DWT 26459776v3 0101261-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Id. at 1338.  See also Graham-Sult v. Clainos, 756 F.3d 724, 751-53 (9th Cir. 2014) (affirming fee award of $240,506 "plus reasonable fees on fees" in SLAPP case)); Critical Care Diagnostics, Inc. v. Am. Ass'n for Clinical Chemistry, Inc., 2014 U.S. Dist. LEXIS 84366, *9 (S.D. Cal. June 19, 2014) (fee award of $85,968.34); Shepard v. Miler, 2011 U.S. Dist. LEXIS 48369, *17-18 (E.D. Cal. May 5, 2011) (fee award of $119,143.05); Metabolife International, Inc. v. Wornick, 213 F. Supp. 2d 1220, 1228 (S.D. Cal. 2002) (fee award of $318,687.99); Church of Scientology, 42 Cal. App. 4th at 659 ($130,000); Rosenaur, 88 Cal. App. 4th at 281 (fee award of $65,000); Ketchum, 24 Cal. 4th at 1139 (fee award of more than $70,000).

The reasonableness of T3Media's fee request is further underscored by the declaration of Jean-Paul Jassy, a recognized expert in First Amendment law in the Los Angeles area, who confirms that DWT's rates in this matter are well within the prevailing rates in the market, and that its hours worked on this matter are reasonable.  See Jassy Decl. ¶¶ 6-7.  For all these reasons, this Court should find that T3Media's fee request is reasonable, and order Plaintiffs to pay the amounts requested in their entirety.

## IV.  CONCLUSION

For the reasons set forth above, T3Media respectfully requests that this Court order Plaintiffs to pay the attorneys' fees it has incurred to date in defending this action, in the amount of $165,680.50, and the fees incurred to date in connection with this Fee Motion in the amount of $14,890.50, for a total of $180,571.00, as well as //

MOTION FOR ATTORNEYS' FEES
DWT 26459776v3 0101261-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

any additional fees incurred in preparing any Reply papers and appearing at the hearing on this Motion, and in responding to any other proceedings initiated by Plaintiffs in connection with the SLAPP Motion.

DATED: March 23, 2015                    DAVIS WRIGHT TREMAINE LLP
                                         KELLI L. SAGER
                                         KAREN A. HENRY
                                         DIANA PALACIOS


                                By:  */s/ Kelli L. Sager*
                                             Kelli L. Sager

                                    Attorneys for Defendant
                                    T3MEDIA, INC. d/b/a PAYA.COM

14

MOTION FOR ATTORNEYS' FEES
DWT 26459776v3 0101261-000001